## A. K. Van Sickle et al. v. John E. Catlett et al.

### No. 2908.

1. **Evidence.**—The certified copy from the General Land Office of a grant of land issued in 1835 is evidence of title; the non-production of the testimonio need not be first accounted for; following Shepard v. Harrison, 54 Texas, 96.

2. **Evidence—Act of Sale.**—The certified copy of an act of sale executed under the requirements of the civil law and deposited as an archive in the office of the county clerk of the county in which the land was situate in 1835, is evidence, without accounting for the copy of the original which was usually given to the purchaser as evidence of his title.

3. **Jurisdiction.**—A decree of a District Court making partition will be presumed to have been made after jurisdiction properly attached in the absence of evidence to the contrary.

4. **Parties.**—Though a plaintiff in trespass to try title claims under a partition which is invalid, yet if the evidence shows that, independent of the partition decree, he had an undivided interest in the entire survey, he may recover against a trespasser.

5. **Limitation.**—The statute of five years limitation will not begin to run in favor of one setting it up until the registration of the deed under which it is claimed.

6. **Estates of Decedents—Heirs.**—In 1835 the wife did not inherit title to land from her deceased husband.

Appeal from Rusk.   Tried below before Hon. A. J. Booty.

In 1835 a grant was made of a league of land to John Piburn, and on August 7, 1835, final title issued.   The land was located in Nacogdoches County, now Rusk.

On September 5, 1835, Piburn conveyed the east half of the league to Wm. G. Logan and John K. Allen.   Shortly after this Wm. G. Logan died, and left surviving him as his nearest relatives five sisters and one brother.   On November 21, 1839, Thos. Berryhill filed a 640-acre certificate in the northeast corner of the Piburn league, and had his field notes recorded October 3, 1844.   In January, 1858, the east half of the league was partitioned between Logan's estate and one Chas. Cocke, who represented the Allen interest, in the Probate Court of Nacogdoches County, and lots Nos. 1 and 2, according to the plot as returned by the commissioners, was set apart to the estate of Logan, and Nos. 3 and 4 to Cocke. No. 1 contains 914 acres of the Piburn league, and No. 2 contains 293½ acres of the Berryhill survey made on the Piburn league.   This was re-

corded in Rusk County on February 27, 1858.   In 1877 there was a de-
cree in the District Court of Smith County between Porter et al. v. Guinn
et al., in which Logan's interest in the Piburn league was set apart to
the plaintiffs therein.   This was recorded in Rusk County June 26, 1889.
In 1885 decree of partition was rendered in District Court of Wood County
between Mamie Logan et al. v. Robert L. Porter et al., setting apart Lo-
gan's interest in the Piburn league of land in Rusk County.   This was
recorded in Rusk County in 1887.   On December 8, 1887, plaintiffs
brought this suit in trespass to try title, as well as for damages, against
defendants for lots Nos. 1 and 2, and set up title in fee simple in them-
selves.

Defendant Grayson filed plea not guilty, etc., and limitation of three, five,
and ten years, January 5, 1888.   M. T. Lacey intervened as vendor of Gray-
son, July 17, 1889.   The other defendants filed amended original answer
July 2, 1889, plea of not guilty, etc., and limitation of three, five, and ten
years, for all the land sued for except that described in their answer; and
defendants Dulins and J. W. Evans made themselves parties to defend for
their tenant Jones.   July 6, 1889, plaintiffs filed amended first supple-
mental petition setting up coverture and minority.   The defendants
Jones, Dulins, and J. W. Evans claimed 115⅓ acres, all out of lot No. 2
of the Berryhill survey.   Van Sickle claimed 240 acres out of lot No. 4
of Berryhill, which it was claimed run over 20 or 30 acres on lot No. 2;
and lot No. 1 was claimed by him, Lacey, Grayson, Hays, and Bowen.
Verdict and judgment for all the defendants for the land claimed by them
on the Berryhill survey made on the Piburn league, as set out in their
answers, and for plaintiffs for all the Piburn land sued for, it being lot
No. 1.

*Jones & Gould*, for appellants.—1.   A certified copy from the General
Land Office of Texas of a grant of land by the Commissioners of Coa-
huila and Texas, made 7th August, 1835, is not the best evidence that the
grant was made, and it is not legal evidence in a suit for land till the
absence of the original testimonio has been satisfactorily accounted for.
Titus v. Kimbro, 8 Texas, 212; 27 Texas, 364.

2.   A certified copy of act of sale of land left as an archive in the
county clerk's office of Nacogdoches County, sale made September 5,
1835, is not legal testimony till the loss of the testimonio has been satis-
factorily accounted for, or its execution has been proven and recorded in
the county in which the land is situated.   Pasch. Dig., arts. 4980, 4983;
Titus v. Kimbro, 8 Texas, 212; Lambert v. Weir, 27 Texas, 364.

3.   A judgment only binds the parties to it, and can not be read as
evidence in a suit against others who were not parties to the judgment.
Pratt v. Jones, 64 Texas, 694; McCamant v. Roberts, 66 Texas, 260.

4.   It is error to refuse a special charge asked to limit the effect of the

evidence, if the evidence is admissible for one purpose, and it was incompetent evidence upon another issue.   Walker v. Brown, 66 Texas, 556; 66 Texas, 72.

5.   The court erred in admitting the decree of the Nacogdoches County Court rendered at the January Term, 1858, in which Cocke was plaintiff and the estate of W. G. Logan was defendant, as there is nothing in the record that Cocke ever acquired any interest in said land from Allen. Teal v. Terrell, 48 Texas, 491.

6.   An alleged joint title in trespass to try title is not supported by titles in severalty to individuals constituting the plaintiffs.   Teal v. Terrell, 48 Texas, 491.

7.   A judgment binds only the parties to it and their privies.   Whart. Ev., sec. 823; Freem. on Judg., 416, 417; Pratt v. Jones, 64 Texas, 696.

8.   If W. G. Logan died in 1835, and was married in 1830, and left no child surviving him, and it is not known whether his wife is living or dead, the law presumes that she is yet living and entitled to the community property of herself and said Logan.   Willis & Bro. v. McNeil, 57 Texas, 465; Frisby v. Withers, 61 Texas, 135; Traylor v. Townsend, 61 Texas, 144.

*J. H. Turner, Buford & Hall,* and *D. Field,* for appellees.—1.   Appellants' only proposition under first error assigned is, "A certified copy from the General Land Office of Texas of a grant of land by the Commissioners of Coahuila and Texas, as made 7th August, 1835, is not the best evidence that the grant was made, and it is not legal evidence in a suit for land till the absence of the original testimonio has been satisfactorily accounted for."   We hold that the reverse of the above is the law of Texas, and refer to the following authorities in support of our position:   Rev. Stats., art. 2252; Wheeler v. Moody, 9 Texas, 376; Swift v. Herrera, 9 Texas, 279, 280; 23 Texas, 51; Sheppard v. Harrison, 54 Texas, 96; Byrne v. Fagan, 16 Texas, 399; Evitts v. Roth, 61 Texas, 86; 66 Texas, 269.

2.   By Act of 1836, acts of sale became records of County Courts, and certified copy from county clerk is admissible.   Cowan v. Williams, 49 Texas, 396; Rev. Stats., art. 2256; Broxson v. McDougal, 63 Texas, 197; Andrews v. Marshall, 26 Texas, 216; Hooper v. Hall, 35 Texas, 85.

3.   By the Act of 1846 all instruments executed theretofore in conformity with the law in force at the time of execution are made valid, and "shall have same force as evidence" as conveyances executed under that law.   Rev. Stats., arts. 4351, 4352.

4.   This instrument having been of record in Nacogdoches County in 1835, and Rusk County being a part of that county at that time, is equivalent to being recorded in Rusk.   Rev. Stats., art. 4358.

5.   One heir entitled to recover whole estate against stranger or wrongdoer, and if we are correct as to the two first propositions, it is immaterial

as to whether these decrees were in evidence at all. Trueheart v. Mc-Michael, 46 Texas, 226–28; Grassmeyer v. Beeson, 18 Texas, 766, 767. Revised Statutes established no different rule from former law as to tenants in common. Sowers v. Peterson, 59 Texas, 216; Telfener v. Dillard, 70 Texas, 142; Contreras v. Haynes, 61 Texas, 106; Gaither v. Hanrick, 69 Texas, 97, 98; 66 Texas, 269.

6. The deed under which party claims must be recorded in order to give him benefit of five years statute of limitation. 60 Texas, 418; 58 Texas, 56.

7. Under the law as it was in 1835 and 1836 the wife was in no event the heir of her husband. Babb v. Carroll, 21 Texas, 771, and authorities cited.

8. There is nothing to show that there was any wife living at death of Logan. It can not be presumed after fifty years, and no claim by her to this land, that there was. Brandon v. McNelly, 43 Texas, 78.

STAYTON, CHIEF JUSTICE.—Appellees brought this action to recover 1207½ acres of land, a part of the east half of a league of land granted to John Piburn, and deraign title thereto through inheritance from William G. Logan.

The land was granted to Piburn on August 7, 1835, and as evidence of the grant appellees offered a certified copy from the General Land Office of the original title, which was objected to on the ground that the testimonio was better evidence, and its non-production not accounted for.

The objection was properly overruled. Sheppard v. Harrison, 54 Texas, 96; Nicholson v. Horton, 23 Texas, 50; Rev. Stats., art. 2252.

To show title in William G. Logan appellees offered in evidence a certified copy of an act of sale, which was an archive in the office of county clerk for Nacogdoches County, the land being in that municipality when the act, which bore date September 5, 1835, was executed.

That paper purported to convey the east half of the Piburn league to Wm. G. Logan and J. K. Allen, and was objected to because the copy of the original, usually given to vendees, was not produced or its execution proved.

This objection was properly overruled. Andrews v. Marshall, 26 Texas, 216; Cowan v. Williams, 49 Texas, 395; Broxson v. McDougal, 63 Texas, 197; Rev. Stats., art. 2256.

No objection was made to the form or manner of execution of the instrument.

Appellees offered in evidence what purports to be a decree of partition, by which the east half of the Piburn league was partitioned by the District Court for Nacogdoches County between the estate of Wm. G. Logan and one Cocke, in which the land in controversy was set apart to the former.

It is not made to appear whether Cocke had acquired the interest of Allen in the land, and the decree was objected to on that ground, and on the further grounds that it did appear that Logan acquired Allen's interest; and further, because the court had no jurisdiction to make partition, and because appellants were not made parties.

The District Court must be presumed to have had jurisdiction to make the partition in the absence of some evidence showing to the contrary. Appellants do not show that they had any interest in the land through Logan, Allen, or any other person, and were neither necessary nor proper parties.

If Cocke had not acquired the interest of Allen, the partition would not affect the rights of such person as has. If the partition was utterly invalid, it would not affect the right of the parties to this action, for appellees, through inheritance from Wm. G. Logan, have such interest in the entire half league, if that be true, as would enable them to maintain this action against appellants, who seem to be only trespassers; and if the partition be valid, then appellees hold the land in controversy under it.

Under the third and ninth assignments of error appellants make this statement:

"There was a decree in the District Court of Smith County, dated October 9, 1877, to which the appellees and many others were parties, but to which the appellants were not parties, the object of which was the partition of the land in this suit, but it totally failed to set apart the land mentioned in it to any one."

If this be true, appellants suffered no injury by the introduction of the decree, for the interests of appellees in that case would be an interest in the half league, which would entitle them to maintain this action, which they could not do if the land in controversy had been set apart in valid partition to some other person, or if it had in several parcels been set apart to appellees.

There seems to have been an attempt to partition the land in controversy between appellees through a decree of the District Court for Wood County, but the decree does not make a partition, and leaves the parties as they were before the suit was brought—tenants in common—and in no way affects their right to maintain this action.

It is immaterial whether the court gave or refused to give charges as to the effect of the decrees or proceedings looking to the partition of the land, for none of them in any manner affected the right of appellees to maintain this action, or gave or took away any right appellants showed.

The court, in effect, instructed the jury that appellees had shown title which entitled them to recover, unless appellants or some of them were entitled to hold under the statutes of limitation. All the evidence showing their right was by written muniments of title except that which

showed their relationship to Wm. G. Logan, and there was no conflict in the evidence as to that matter or suspicion thrown upon its truthfulness. In such case it was not error to give the charge complained of.

It seems that Van Sickle bought the land in 1868 from one who had no title, and that for the purpose of placing it beyond the reach of his creditors caused the deed to be made to B. F. Broyles, which was not recorded until July 29, 1880. Van Sickle claims to have had possession of the land while the title stood in the name of Broyles, who did not convey to him until March 4, 1881.

The court instructed the jury, in effect, that limitation of five years would not run in favor of Van Sickle until the record of the deed to him from Broyles. There was no error in this instruction. Porter v. Chronister, 58 Texas, 56; Medlin v. Wilkins, 60 Texas, 418.

The Piburn grant was in part covered by a junior grant known as the Berryhill tract; of this part in conflict appellants, or some of them through whom they claim, had been in possession for many years, and this they held under the statutes of limitation of ten years; but whether any of them had been in possession of the part of the Piburn grant not covered by the Berryhill was a matter as to which there was a conflict of evidence.

The jury, upon this question, must have found that no such possession was held for five years after Van Sickle's deed was recorded.

Wm. G. Logan married in 1830 and died in 1835, his widow surviving, and it was not shown on the trial whether she was living or dead; and it is contended that the property was community property which descended to her on the death of her husband.

If this were true, appellees could not recover without showing that they had in some way acquired title from Mrs. Logan.

At the time Wm. G. Logan died his wife did not inherit his estate. Babb v. Carroll, 21 Texas, 765.

The presumption, however, from the facts proved is that the interest acquired in the land was community property, one-half of which belonged to the wife and the other, under the laws in force at the time of his death, passed to his heirs. Thompson v. Cragg, 24 Texas, 582; Veramendi v. Hutchins, 48 Texas, 550.

This, however, would not defeat the right of appellees to maintain this action.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered December 13, 1889.