Amelia P. Sorley et al. v. J. M. Matlock.

No. 6755.

1. **Limitation of Five Years.**—The several requisites to title under five years statute of limitation must concur for the entire term.

2. **Registration of Deed.**—A break in the registry of a deed or deeds under which the possession was had is fatal; as where a deed forming a link in the title under which possession was held was not on record for a period of more than a year. See example.

Appeal from San Saba. Tried below before Hon. A. W. Moursund. The opinion gives a statement.

*Sidon Harris,* for appellant.—To sustain the defense of five years limitation it is essential that it be clearly shown that all the requisites of the plea have concurrently existed for that period before the filing of suit. It is not sufficient that some deed or deeds in the chain of transfers under which the party claims were duly registered, but there must be privity of title and possession, and the possession of each must have been under deed to him, duly recorded. Cook v. Dennis, 61 Texas, 248; Medlin v. Wilkins, 60 Texas, 418; Porter v. Chronister, 58 Texas, 53.

On the question of possession. Rushing v. Chandler, 38 Texas, 596; Word v. Box, 66 Texas, 602; Sanders v. Duval, 39 Texas, 183; Cunningham v. Frandtzen, 26 Texas, 34; Ang. on Lim., sec. 399.

No brief for appellee.

HOBBY, Presiding Judge.— This is an action of trespass to try title, brought by Mrs. Amelia Sorley, who was joined by her husband, against I. M. Matlock, to recover an undivided half of a 640-acre survey described in the petition. The suit was instituted on October 25, 1886.

The defense relied on is the statute of limitation of five years, which the court found had been established by proof except as to an undivided one-half of 160 acres of the land designated in the accompanying plot of the 640-acre survey as subdivision E.

Judgment was rendered in accordance with the findings indicated, from which the plaintiffs have appealed.

The following is a plot of the 640-acre survey as found by the court:

. The assignment of error relied upon in appellants' brief is as follows:

"The court erred in holding that defendant, Matlock, had title by five years limitation to that part of the land in controversy, consisting of 560 acres, and designated as lots A, B, C, and D on foregoing plot, because defendant failed to show continuous possession of any portion except B; defendant failed to show payment of taxes by himself or by those under whom he holds for the years 1879 and 1880; defendant showed he and those under whom he holds had not held continuous possession under deed or deeds duly recorded for five years next preceding the filing of this suit."

The record contains no statement of facts, but it appears from the conclusions of fact found by the court that the above 640-acre tract prior to October 16, 1879, and at that time was the property of Mary Fisher, who on that day died. By the terms of her will one undivided half of the land was devised to Henry Fisher and the other half to the appellant, Mrs. Amelia Sorley.

· On July 13, 1878, Henry Fisher executed a deed to Cyrus Terry conveying the 640-acre survey. This deed was recorded properly on August 3, 1878, and Terry took possession of subdivision B, claiming the entire survey.

On November 23, 1878, Terry conveyed subdivision B to one Moulding by deed, which was recorded on same day, Moulding taking possession and Terry removing, it seems, to subdivision E. Moulding remained in possession until August 21, 1879, when he sold subdivision B to George Rae, who took possession under his deed from Moulding, recorded August 28, 1879. At the same time that Rae received the deed from Moulding he received deeds from Terry to subdivision A, containing 160 acres, and subdivision C, containing 80 acres; the deeds each being recorded Au-

gust 28, 1879, and Rae taking possession of the 400 acres conveyed as above stated. Rae remained in possession of this land until he conveyed it to the defendant, Matlock, on February 27, 1882.

On October 1, 1879; Terry conveyed also to said Rae 80 acres, designated as subdivision D. This deed was recorded on November 1, 1879. Improvements were placed by Rae on this tract. Being thus in possession of these lots B, A, C, and D, Rae conveyed to defendant, Matlock, on February 27, 1882, subdivisions A and B, the deeds to which were recorded by Matlock on March 31, 1883, although he took immediate possession.

At the same time Rae conveyed subdivisions C, D, and E to one Williams, who also took immediate possession, but whose deed was not recorded until January, 1887. He remained in possession until September 23, 1883, when he conveyed to defendant, Matlock; thus putting the apparent title in the latter to all of the subdivisions. At the time of Matlock's purchase from Rae, on February 27, 1882, he took possession of lot B and there resided until September, 1883, the date of his purchase from Williams, when he moved to lot E, where he resided at the time of the trial.

It is contended that "it is not sufficient that some deed or deeds in the chain of transfers under which the party claims was duly registered, but there must be privity of title and possession, and the possession of each must have been under deed to him duly registered;" and that to sustain the defense of five years limitation, it is essential that it be shown clearly that all of the requisites of the plea have concurrently existed for that period prior to the institution of the suit.

It may be admitted, we think, that the court's finding was correct to the effect that there had been such payment of taxes as would support the plea; still it will be seen from the foregoing recital that there was not such possession under a deed or deeds duly registered under which the defendant entered as would be a compliance with the statute, because the conveyance under which he took possession and claimed (the deed from Rae) was not recorded until March 31, 1883, and Matlock's possession concurrently with this deed did not exceed three years and six months prior to the institution of this action on October 25, 1886. So under the rule that the defendant's possession must be for the prescribed period under the deed duly registered by virtue of which he enters (Porter v. Chronister, 58 Texas, 53; Medlin v. Wilkins, 60 Texas, 418), the defense would not prevail in this suit.

But there can be no doubt that privity of title and possession may be shown to support the plea where there are several titles and separate possessions and a sufficient time has not elapsed under either one of such titles. Where such privity is shown the title and possession of one enures to the other, and may be tacked together and thus aggregated. If sufficient statutory possession be shown it will sustain the plea. Brownson v. Scanlan, 59 Texas, 228.

This privity of title and possession is under the facts in this case available to defendant.

But while this is true, there must be a concurrence of the statutory requirements. That is to say, possession alone coupled with the payment of taxes will not suffice, but with such possession and payment registration of the deed must concur. A material omission of either of these statutory essentials would be fatal.

Applying these rules to the facts, we find that the possession by Terry of the subdivision B under the registered deed from Fisher commenced August 3, 1878, and continued to November 23, 1878, three months and twenty days, when Moulding's possession ensued under the conveyance from Terry, duly registered, and continued to August 28, 1879, about nine months, when he sold to Rae, whose possession under the Moulding deed, registered properly, continued to February, 1882, a period of three years and six months.

The possession up to this period, February 27, 1882, the date of the conveyance by Rae to defendant, Matlock, of lot B, under the titles mentioned, duly registered, aggregated about four years six months and twenty days. Matlock's actual possession commenced at once, on February 27, 1882, of lot B, and, coupled with the different possessions preceding it, it would be for a sufficient time. But there was no registration of the deed under which he claimed the land concurring with such possession for a period of thirteen months after he took actual possession.

Thus while there was no interruption of the possession of lot B, there was a break in the continuity of the possession under a deed or deeds as duly registered for more than one year.

Reckoning from August 3, 1878, the date of Terry's possession of lot B, to the institution of this suit on October 24, 1886, there was an actual possession of more than eight years by the defendant and those he claimed under. But only four years and six months of that, during Terry's, Moulding's, and Rae's possession, was concurrent with the registration of the deeds respectively. Then ensues a lapse of thirteen months, from February 27, 1882, to March 31, 1883, during which the possession continues without the registration.

Neither the possession preceding this lapse under registered deeds was for a sufficient time, nor was it by Matlock subsequently from March 31, 1883, to October 24, 1886.

The possession declared by the law to be sufficient and necessary to sustain this plea is such as is coupled with registration.

A material break would be as fatal in the possession under a deed or deeds duly registered as the possession without the concurrent payment of taxes. The omission to pay the tax any one of the five years is held to be fatal. Murphy v. Welder, 58 Texas, 240. This is not made more essential to the plea than the possession defined by the statute.

The facts of the case are manifestly stronger in support of the defense of five years limitation as applied to subdivision B than to any other. If they are not sufficient to authorize a decree for that portion of the survey, they are clearly not as to the remaining subdivisions.

We think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted January 20, 1891.

Chief Justice Stayton not sitting