### Ella Southall v. John Southall.

#### No. 316.

1. **Recorded Instruments—Certified Copies in Evidence.**—Where the rule in reference to the use of copies of recorded instruments as evidence is purely statutory, and the statute requires an affidavit by the party that the original is lost, or that he can not procure it, *Held*, that an affidavit made by plaintiff's attorney, who was authorized by another statute to do so (Revised Statutes, article 5), and which affidavit states, among other things, that neither he nor the plaintiff could procure the same, was sufficient, and stated all that the statute required.

2. **Review of Facts on Appeal.**—In an action at law, a finding of certain facts by the trial court will not be reviewed or disturbed on appeal, as the testimony upon which such finding was based may have been entirely satisfactory to the mind of the judge who saw and heard the witnesses testify.

3. **Stale Demand.**—Property was purchased in 1869 with the money of D., and the deed taken in the name of S., as their joint act. D. entered into possession with S. and remained there until her death in 1889, using the property as she desired, during which time S. made repeated declarations that his possession was subordinate to her title. Plaintiff, the heir of D., after the death of S. in 1891, sued the wife of S. to try title to the property. *Held*, that an equitable title, recognized as this was, exercised by a continuous possessory use of the property, does not become stale.

#### ON REHEARING.

4. **Same—A Statutory Plea, when.**—Stale demand in actions for specific performance of contracts has become a statutory plea, and such defense must be specially pleaded, and the disabilities relating thereto must be pleaded.

5. **Same—Proof Permitted under the Pleadings.**—The rules of pleading are unchanged as regards other forms of stale demand; and when the holder of the legal title has acknowledged the equity in such manner as to prevent the latter from becoming a stale demand, it ought certainly be permitted to be proved, if such defense is one that can be established without specific pleading, i. e., under the plea of not guilty.

APPEAL from Bexar.  Tried below before Hon. G. H. NOONAN.

*Jay Minter* and *George C. Altgelt*, for appellant.—1.  The supplemental petition replying the disability of minority to appellant's pleas of limitation and adverse possession was not sufficient, because it fails to allege that the disability existed when the adverse possession first commenced. Rev. Stats., art. 3201; Hughes v. Lane, 25 Texas, 356; Childress v. Grim, 57 Texas, 56; White v. Latimer, 12 Texas, 61; Ford v. Clements, 13 Texas, 592.

2.  The certified copy of a deed is not admissible until after plaintiff has made an affidavit of its loss or of his inability to procure it; and an affidavit of plaintiff's attorney to that effect is not sufficient to authorize the introduction of such copy.  Rev. Stats., art. 2257; Butler v. Dunagan, 19 Texas, 56; Kaufman & Runge v. Shellworth, 64 Texas, 169.

3.  The court erred in rendering judgment for plaintiff and enforcing his demand, when the evidence showed that plaintiff's cause of action was a stale demand before descent was cast upon plaintiff.  Tinnen v. Mebane, 10 Texas, 246; Wingate v. Wingate, 11 Texas, 433; Hunter v. Hubbard, 26 Texas, 537; Kenedy v. Baker, 59 Texas, 150.

*W. H. Grigg* and *Henry E. Vernor*, for appellee.—1.  A certified copy of a recorded deed is admissible as secondary evidence when the original is in the possession of the opposite party, charged with notice to produce the original, or is lost.  Veck v. Holt, 9 S. W. Rep., 743; Nye v. Gribble, 8 S. W. Rep., 610; Hill v. Taylor, 14 S. W. Rep., 638; 59 Texas, 352; Trimble v. Edwards, 19 S. W. Rep., 773; Park v. Caudle, 58 Texas, 219.

2.  The trust in the legal estate not held by husband, wife, or child, but a stranger, whether taken in the name of the purchaser or others jointly, or in the names of others without that of the purchaser, whether in one name or several, whether jointly or successively, results to the one who advances the purchase money.  The presumption is against a gift. Kinlow v. Kinlow, 72 Texas, 639; Smith v. Strahan, 16 Texas, 314; Tied. on Real Prop., sec. 500; Story's Eq. Jur., sec. 1201.

JAMES, CHIEF JUSTICE.—1.  William Southall and Louisa Davis, both colored, lived together from about 1868, without being married, until March 17, 1889, when Louisa died.  They had one child, the plaintiff, John Southall.  The father married defendant, Ella Southall, in 1890, and died on August 27, 1891.

On July 10, 1869, the lot sued for was purchased with the money of Louisa Davis, both acting in the purchase, the deed, however, being made in the name of William Southall.  They established their home upon this lot, and lived there together with their son until Louisa's death in 1889, and after that William continued to live there, and he and his wife, Ella,

lived there with the son, until he (William Southall) died. Some months afterwards Ella excluded plaintiff from the property, and this suit was filed by plaintiff, the son, to try title thereto.

2. Witnesses testified to declarations by William Southall at various times that Louisa's money had paid for the lot and that it was hers, and not his; and one testified that he stated that upon his mother's death the property would go to the son.

*Conclusions of Law.*—The second assignment is, that there was error in admitting a certified copy of the deed from Charles Kunzmann to William Southall, "because plaintiff had not established the loss of the original, and had not made affidavit rendering the copy admissible." The certified copy was offered under the statute, and it seems to have been otherwise unobjectionable. The rule in reference to the use of copies of recorded instruments as evidence is purely statutory, and the statute requires an affidavit by the party that the original is lost *or* that he can not procure it. The affidavit was by plaintiff's attorney, who was authorized by another statute to do so (Revised Statutes, article 5), and among other things stated that neither he nor the plaintiff could procure the same. The affidavit was, we think, all the statute required.

The third assignment asserts that the finding of the court that the purchase money of the premises was paid by Louisa Davis is contrary to the evidence. The testimony was principally oral, and there was considerable testimony which, if credited, would lead to that finding. There is no good reason for us to revise the judgment in this regard. To the mind of the judge who saw and heard the witnesses, this testimony may have been both clear and satisfactory, which appellant contends should have been the case in order to admit of a trust being engrafted on the legal title of William Southall.

It is further insisted by appellant that plaintiff's claim was a stale demand. Under the authority of Montgomery v. Noyes, 73 Texas, 203, and Mayes v. Manning, in same volume, page 43, stale demand was available to this defendant under the plea of not guilty.

Appellant rests this question upon the argument, that the taking of the deed in Southall's name was an act hostile to the interests of Louisa Davis, and limitation, as it is applied in cases of stale demand, should be reckoned from that date.

The principle relied on is stated with clearness in Hunter v. Hubbard, 26 Texas, 548, thus: "When the trust, however [distinguishing from express trusts], is merely implied or constructive, there has been some disagreement among the cases, but the better opinion seems to be, that as in general the facts out of which such trust arises from their very nature presuppose an adverse claim of right on the part of the trustee, by implication, from the beginning, the statute will commence to run against

the cestui que trust from the period at which he could have vindicated his right by an action or otherwise.''

This rule has no application to the facts of the case before us. The evidence shows that the purchase of the property and the taking of the deed in the name of Southall were the joint acts of Southall and Louisa Davis. Not only this, but the cestui que trust entered into possession of the property at the time Southall did in 1869, and remained there until her death in 1889. During this period he had done no act indicative to her of an intent to claim the property adversely to her right, and she was in possession of and used the property in the manner she desired, which was in company with him. His declarations indicated that his possession was subordinate to her title, and that he was there by right of her ownership.

An equitable title recognized as this was, and exercised by a continued possessory use of the property, does not become stale. The error alleged in the ruling of the court on an exception to the sufficiency of plaintiff's pleading wherein his minority was set up, presents an immaterial question.

It is our opinion that the judgment should be affirmed.

*Affirmed.*

Delivered March 28, 1894.

### ON MOTION FOR REHEARING.

JAMES, CHIEF JUSTICE.—Appellant's third assignment of error questions the correctness of the finding of the District Court from the evidence that the purchase money was that of Louisa Davis. Her fourth assignment complains that judgment was not rendered for her, because the evidence by which a trust was sought to be engrafted on her title was not clear or satisfactory. No objection was made in the District Court or in this court to the sufficiency of the pleadings for the purpose of litigating the equitable title of the plaintiff to the land. No objections were made to the testimony offered in support of such title, except those stated above. The parties were satisfied to try this issue on the pleadings as they stood, and ought to be heard here only on the errors they have assigned. The cases in 73 Texas cited in our opinion in this case, and upon which it is chiefly based, are authority that these issues may be determined under the ordinary pleadings in trespass to try title. This seems not to be wholly consistent with the ruling in Groesbeck v. Crow, 85 Texas, but in that case the questions were raised on the trial.

Stale demand in actions for specific performance of contracts has become a statutory plea, and such defense must be specially pleaded, and the disabilities relating thereto must be pleaded. But we apprehend the rules of pleading are unchanged as regards other forms of stale demand.

That the holder of the legal title has acknowledged the equity in such manner as to prevent the latter from becoming a stale demand ought certainly to be permitted proved, if such defense is one that can be established without specific pleading—that is, under the plea of not guilty.

The pleading by plaintiff of his minority is referable to the pleas of limitation. No objection was made to the evidence offered showing that plaintiff's claim had not become stale, on the ground that minority alone had been replied, and that such evidence was not supported by pleading. Nor has any objection been made to the judgment on that ground in this court until now. If there were anything in the point, it ought not now to be considered. The other ground for rehearing is not sufficient, and the motion is overruled.

*Motion overruled.*

Delivered April 25, 1894.