**WILLIAM CAMERON & CO., Inc., et al. v. COLLIER et al.**

(Court of Civil Appeals of Texas. Galveston. Jan. 10, 1913. Rehearing Denied Jan. 30, 1913.)

1. ADVERSE POSSESSION (§ 82*)—DEED—RECORD.

In order to give title to land under the five-year statute of limitations, all the requirements of the statute must be concurrently performed; and hence more than five years' continuous occupancy and use of land under a deed and payment of taxes is insufficient if the deed was not of record full five years.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 468–471; Dec. Dig. § 82.*]

2. LIMITATION OF ACTIONS (§ 182*)—PLEADING—NECESSITY.

In a suit of trespass to try title for damages incident to the trespass, to revoke a power of attorney fraudulently procured, and for the value of timber disposed of under such power, the two-year statute of limitations against the claim for damages to the land is not available to defendant if not pleaded.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 676–680, 682–695, 705; Dec. Dig. § 182.*]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Action by J. N. Collier and others against William Cameron & Co., Incorporated, and others. From the judgment, defendant W. W. Cruse appeals. Affirmed.

Singleton & Nall, of Kountze, for appellant. Jno. L. Little, of Kountze, for appellees.

PLEASANTS, C. J. On the 9th day of April, 1908, in cause No. 1,413, styled J. N.

Collier v. William Cameron & Co. et al., a judgment was rendered disposing of the issues involved in that suit; the same being suit in trespass to try title and for damages. Later G. F. Floyd and Fannie Floyd, who appeared as plaintiffs in the original suit, filed their bill of review to set aside said judgment, and that suit was styled No. 1,839, G. F. Floyd et al. v. J. N. Collier et al. On April 21, 1911, said bill of review was heard, granted, and the judgment of April 9, 1908, in cause No. 1,413, was set aside. In the meantime, on the 14th day of September, 1908, suit No. 1,691 was filed in the district court of Hardin county, entitled M. O. Green et al. v. W. W. Cruse et al. At the March term, 1911, of the district court of Hardin county, there was presented a motion to consolidate causes 1,413 and 1,691, and on April 21, 1911, said causes were consolidated and continued on the docket under the style and number of the original suit No. 1,413, J. N. Collier et al. v. William Cameron & Co. et al. At the September term, 1911, said consolidated cause was heard; all the parties having repleaded therein. And on the 22d day of October, 1911, said cause was submitted on special issues, and judgment was rendered in favor of the Colliers, who are termed first plaintiffs, for an undivided one-half of the land, against all of the other parties, plaintiffs and defendants, and in favor of the Greens, who are referred to as the second plaintiffs, for the other undivided one-half interest of the 320 acres involved in the suit; and judgment was also rendered in favor of said second plaintiffs against W. W. Cruse for $621 damages.

This appeal is prosecuted by the defendant W. W. Cruse from the judgment rendered against him in said consolidated causes in favor of M. O. Green et al.

Plaintiffs Green, in their amended petition, upon which the cause was tried, seek to recover of appellant a tract of 320 acres of land in Hardin county, patented to William S. Mancell on June 17, 1862. In addition to the usual allegations in an action of trespass to try title, the petition alleges that plaintiffs claim under Daniel W. Green, deceased, and that on the ——— day of September, 1902, the said Daniel W. Green executed a power of attorney to defendant W. W. Cruse, empowering said Cruse to recover, take possession of, and sell and dispose of, said 320-acre tract of land, and conveying to said Cruse, for his services in recovering said land, an undivided one-half interest therein.

It is further alleged, in substance, that the defendant, by pretended sale of said land to a third party and repurchase from his vendee, fraudulently obtained the apparent title to the land and paid no consideration therefor to the said Daniel W. Green, who was plaintiffs' ancestor, nor to these plaintiffs. It further alleges that the timber upon said

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

land had been sold by the said defendant in fraud of the rights of the said Daniel W. Green and these plaintiffs.

The prayer of the petition is as follows: "Wherefore plaintiffs pray that the power of attorney executed by said Daniel W. Green, now deceased, to W. W. Cruse be revoked; that plaintiffs recover from said defendant Cruse the value of said timber, which they allege to be $4,000, as damages, so cut and appropriated, willfully and without right, but through fraud and design; that they recover from all the defendants the title and possession of said land; that all clouds be removed from the title; and that they have their costs, and all other relief, general and equitable, to which they may be entitled."

The defendant answered by general demurrer and general special denial of the allegations of the petition. He also pleaded the statute of limitation of five years, and pleaded improvements placed by him on said land in good faith, and asked, in event he did not have title to the land, that he recover the value of said improvements.

The evidence sustains the following fact conclusions:

The land in controversy was patented to William S. Mancell. On February 2, 1863, W. S. Mancell, the original grantee, conveyed it to Joseph McCarty, and on November 15, 1865, McCarty conveyed to S. E. Parker. On June 3, 1867, S. E. Parker conveyed the 320 acres to Swinford & Green, a firm composed of Jerome Swinford and Daniel W. Green. Appellees, except appellee John L. Little, are the heirs of said Daniel W. Green. Appellee Little has a conveyance from said heirs of an undivided interest in the land. The one-half interest of Jerome Swinford passed to the plaintiff Floyd, and is not involved in this appeal.

On March 30, 1901, the appellant, W. W. Cruse, obtained from W. S. Mancell and wife a power of attorney, authorizing him to sue for and recover and sell and convey any and all lands in Hardin county, in the state of Texas, to which the grantors were entitled, and conveying to said attorney, as compensation for his services, an undivided one-half interest in said lands.

Prior to the execution of this power of attorney, the deed records of Hardin county had been destroyed by fire, and there was no record of the deed from W. S. Mancell to Joseph McCarty; but appellant knew that said deed had been executed, and had seen an abstract showing the record of said deed.

Acting under this power of attorney from Mancell and wife, the appellant, Cruse, on July 17, 1902, conveyed the 320-acre tract to J. L. McElyea for a recited consideration of $175. On March 23, 1903, appellant obtained from Daniel W. Green a power of attorney, authorizing him to take possession of, or to compromise with any and all adverse claimants, and to sell and dispose of, the 320-acre survey of land in Hardin county, patented to W. S. Mancell on June 17, 1862, and conveying to appellant an undivided one-half of said land as compensation for his services. This power of attorney bears date September ——, 1902, but it was acknowledged on March 23, 1903, and appears to have been delivered on that date. At the time he procured this power of attorney, appellant did not inform said Green that he knew of the existence of the deed from W. S. Mancell to Joseph McCarty; and Green did not know that it could be shown that such deed had been executed. After the execution of the deed to him by the appellant, McElyea sold the timber on the land to Wm. Cameron & Co. for $750. He testified that when this money was paid to him by the purchaser he gave half of it to appellant in payment of appellant's one-half of the purchase money that was to pay for the land. He says that at the time he bought the land from Cruse he only paid Mancell one-half of the purchase price. No explanation is given as to why he paid Cruse $375, when, according to the recitation in the deed to him, he only owed him $82.50. On June 13, 1905, McElyea conveyed the 320 acres to W. P. Daniels for a recited consideration of $200, which McElyea says was actually paid to him. On June 23, 1905, Cruse, acting under the power of attorney from Green, conveyed all the right, title, and interest of Green and himself in said land to Daniels for a recited consideration of $25. He testified that he sent Green one-half of this amount ($12.50) and received from him the following letter, which was introduced in evidence: "Gonzales, Texas, 6/28/05. Wm. W. Cruse, Beaumont, Texas—Dear Sir: Your recent favor received enclosing order for $12.50 for interest in land sold in Hardin County. It is very small, but I never expected much from it. Respectfully. D. W. Green." On March 5, 1906, W. P. Daniels, for a recited consideration of $225, conveyed the land to appellant.

[1] The first two assignments of error presented in appellant's brief complain of the refusal of the court to submit to the jury the issue of limitation of five years.

The evidence shows that McElyea, Daniels, and appellant, successively, through tenants, continuously occupied and used the land for more than five years before plaintiffs' suit was filed, claiming under deeds duly executed. It is also shown that all taxes were paid on the land during said five years as they accrued. But the evidence further shows that from June 13, 1905, to March 10, 1906, the deed from McElyea to W. P. Daniels was not of record; and therefore during a period of nine months Daniels' possession and claim to the land was not under a recorded deed. These nine months were a part of the five-year period necessary to bar the right of recovery in this suit.

It is well settled that all of the requirements of the statute must be concurrent; and, unless the deed under which the occupant claims is of record during all of the time of his occupancy necessary to complete the five-year period, the requisites of the statute are not met. The evidence being undisputed upon this issue, the court did not err in not submitting it to the jury. The question of Daniels having a reasonable time after procuring his deed to file it for record cannot arise, when the time in which he allowed it to remain unrecorded is as long as is shown by this record. The following cases sustain the action of the court in refusing to submit the issue of limitation: Medlin v. Wilkins, 60 Tex. 418; Porter v. Chronister, 58 Tex. 56; Cook v. Dennis, 61 Tex. 248; Heflin v. Burns, 70 Tex. 353, 8 S. W. 48; Cobb v. Robertson, 99 Tex. 138, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609; Van Sickle v. Catlett, 75 Tex. 409, 13 S. W. 31; Sorley v. Matlock, 79 Tex. 307, 15 S. W. 261; Gillum v. Fuqua, 61 S. W. 938.

[2] The second assignment of error assails the judgment in favor of plaintiffs for $621 damages for timber cut from the land, on the ground that the evidence shows that said timber was cut and removed from the land more than two years before this suit was filed. The proposition under this assignment is as follows: "In actions of trespass to try title, damages cannot be assessed for injuries done to the land over two years prior to the commencement of the suit." The record shows that all of the timber, for the value of which plaintiffs recovered the sum of $621, was cut and removed from the land more than two years before the suit was commenced. The appellant did not plead limitation against plaintiffs' claim for the value of the timber.

Plaintiff's suit is more than one of trespass to try title and for damages incident to the trespass. It is also a suit to revoke a power of attorney for fraud in its procurement, and to recover from defendant the value of timber fraudulently obtained and disposed of by him under said power of attorney. We think it clear that in a suit of this kind limitation, if available as defense, must be pleaded.

We think it clear that the $621 was found by the jury to be the value of the timber cut from the one-half of the land owned by the appellees, and not the timber cut from the whole tract of land. The plaintiff Floyd did not seek to recover for the timber cut from his half of the land. It was agreed by the parties that the timber cut from all of the land by appellant was worth $1,242, and, the verdict of the jury being for exactly one-half of this amount, it is evident that this was the value found by them of the timber cut from appellees' half of the land. This disposes of the question presented by the third assignment.

The finding of the jury complained of by the fourth assignment of error is amply supported by the evidence, and the assignment attacking the finding, on the ground that it is contrary to the evidence, cannot be sustained.

The findings complained of by the fifth and sixth assignments are not material, and it therefore is unnecessary to determine whether or not such findings are supported by the evidence.

We are of opinion that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.