GRISWOLD et al. v. COMER et al.
(No. 31–2674.)

(Commission of Appeals of Texas, Section A.
Feb. 19, 1919.)

1. ADVERSE POSSESSION ☞44 — FIVE-YEAR STATUTE—CONCURRENCE OF ALL REQUISITES.

The several requisites to title to land under the five-year statute of limitations must concur for the entire period.

2. ADVERSE POSSESSION ☞82 — FIVE-YEAR STATUTE — REGISTRATION OF MUNIMENT OF TITLE.

Where partition between heirs, under which defendant claims, was not by parol, and not under probate proceedings, but by deed showing on its face it was muniment of title necessary to be recorded under five-year statute of limitations, bar of statute is not complete as to interest in land conveyed to defendant by partition deed, not registered until after suit brought.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by D. E. Griswold and others against C. C. Comer and others, resulting in judgment for defendants, which was affirmed by the Court of Civil Appeals (161 S. W. 423), and plaintiffs bring error. Judgment of the Court of Civil Appeals, affirming the judgment of the trial court, reformed to award plaintiffs part of the land sued for, on recommendation of the Commission of Appeals.

R. J. McMurrey, of Anahuac, and Marshall & Harrison, of Liberty, for plaintiffs in error.

C. F. Stevens and W. R. Anderson, both of Liberty, and Lane, Wolters & Storey, of Houston, for defendants in error.

TAYLOR, J. This suit, in form of trespass to try title, is by the heirs of Ambrose Griswold against Mrs. C. C. Comer and her tenants in possession to recover the east one-half of a 648–acre survey of land patented to the heirs of Elias Griswold, and set aside by partition decree in 1874 to Ambrose Griswold as the heir of Elias Griswold.

On May 3, 1881, S. A. Miller purchased the land sued for at a tax sale, and in the same year duly recorded his tax deed. He died in March, 1893, without having taken possession of the land, leaving as his survivors his wife and four daughters, one of whom is the defendant Mrs. Comer. The surviving wife and two of the daughters on August 17, 1897, executed a partition deed, conveying the land to Mrs. Comer under her maiden name, Amelia Miller. About October, 1904, Amelia Miller leased the land to A. B. Lawrence, who took possession under the lease as her tenant. Mrs. Comer, through the said Lawrence and her other tenants

succeeding him, has continued in possession to the present time.

Mrs. Comer, whom it will be convenient to refer to hereafter as defendant, pleaded not guilty, and the three, five, and ten years statutes of limitation. She defended particularly under the five-year statute, introducing in evidence both the tax deed conveying the land to her father and the partition deed conveying the land to herself.

Trial without the intervention of a jury resulted in a judgment for the defendants, and the Court of Civil Appeals affirmed the judgment. 161 S. W. 423.

[1] It is well settled that the several requisites to the title under the five-year statute must concur for the entire period. Sorley v. Matlock, 79 Tex. 304, 15 S. W. 261. The requirements of the statute applicable under the facts of this case are as to possession, use, payment of taxes, and registration. The defendant's possession of the land began in 1904, and she has continued in peaceable and adverse possession thereof, using the same and paying taxes thereon annually as they accrued until the filing of this suit, a period of more than five years. The tax deed referred to was duly registered in 1881, the year of its execution, but the partition deed was not filed until September, 1911, a time subsequent to the filing of this suit.

[2] It is urged by the defendant that her possession of the entire tract is referable to the Miller deed, she being one of the heirs of Miller, notwithstanding she is in possession under both deeds; that, inasmuch as a partition of the Miller estate setting apart the land to her could have been made by parol, the fact that the partition was made by deed does not bring the partition deed within the statute requiring that it be recorded in the deed records. In support of this proposition the defendant relies upon the case of McLavy v. Jones, 31 Tex. Civ. App. 354, 72 S. W. 407. In that case the appellee, Mrs. Jones, was a daughter of Byrd Eastham, to whom the land had been conveyed in 1876, the deed to which was recorded on May 29, 1878. Eastham died leaving a will, which was duly probated in 1885. The will devised one-half of his estate as community property to his wife, the remainder to his children. His wife was appointed executrix without bond. About March 1, 1886, a tenant entered into possession of the land under a contract with the executrix. On August 17th of the same year the court approved a report of partition filed in the estate of Byrd Eastham by the executrix, setting apart, among other property, the land in controversy to Mrs. Jones, and a decree reciting such partition was duly entered. This decree was never recorded in the deed records. Possession was acquired by Mrs. Jones

under the executrix, and was thereafter continued unbroken by her through her tenants. The court recognized and specifically held that under the statute:

"Every muniment of the record title must be recorded, and the possession must be unbroken, and must be accompanied by the payment of taxes for the requisite period."

It announced the then well-established doctrine that an heir could prescribe under the deed to the ancestor without record of the order of the probate court, partitioning the estate of the ancestor, and extended this doctrine so as to include a devisee. The court states:

"The will disposed of the property in accordance with the statute of descent and distribution, but this fact does not affect the principle involved, as the will is not such a muniment of title as is required by the law of registration to be recorded in the record of deeds."

No title vested in the executrix, but she, under the statute, was entitled to possession of the real estate as well as personalty; her possession being on behalf of the Eastham estate. The possession was in virtue of the deed to Eastham, not in any sense adverse thereto, and the subsequent possession by Mrs. Jones was tacked to that of the executrix.

In this case there was no possession of any kind by the defendant until long after the death of Miller, and seven years subsequent to the time of the execution of the deed of partition by the Miller heirs, when she acquired possession through her tenant Lawrence. The partition under which the defendant claims was not by parol, and was not under or by virtue of probate proceedings. It was by a deed which shows on its face that it is a muniment of the title necessary to be recorded under the terms of the statute.

The facts of this case not being such as to bring it under the rule announced in the McLavy Case, the bar of the five-year statute is not complete as to the seven-eighths interest in the land conveyed to the defendant by the partition deed. Van Sickle v. Catlett, 75 Tex. 409, 13 S. W. 31; Cobb v. Robertson, 99 Tex. 138, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609; Medlin v. Wilkins, 60 Tex. 418; Cook v. Dennis, 61 Tex. 248; Porter v. Chronister, 58 Tex. 55; the Sorley Case, supra. Under the defendant's claim of title all of the requisites of the statute concur for the full period as to the remaining one-eighth interest in the land, and the bar is complete as to such interest.

We are of opinion that the judgment of the Court of Civil Appeals, affirming the judgment of the district court, should be reformed so as to award to the plaintiff an undivid-

ed seven-eighths interest in the land sued for, and deny their prayer for recovery as to the remainder.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

━━━━━━━

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes