**EBERT et al. v. SMITH et al.**

No. 11023.

Court of Civil Appeals of Texas. Galveston.

Nov. 14, 1940.

Rehearing Denied Jan. 16, 1941.

Second Motion for Rehearing Denied
Feb. 20, 1941.

P. Harvey and A. F. Sundermeyer, both of Houston, for appellants.

W. P. Hamblen and W. P. Hamblen, Jr., both of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 11th District Court of Harris County, entered both upon a jury's verdict in response to. special issues submitted and also upon what the court found to be the undisputed evidence, divesting out of the appellants and investing in the appellees the title and possession of 94 acres of land in the John Waugh Survey in Harris County, Texas,—subject to various mineral rights and interests disposed of as between the parties thereto—the land and the mineral interests and all the parties to the judgment being fully described therein.

The decree further specifically denied the appellants' claim that the judgment in cause No. 108965 in the district court of Harris County, Texas, styled R. C. Smith et al. v. Daniel Alexander et al., of November 28 of 1924, was void and that, in consequence of its invalidity, the appellees herein had been mere trustees of the 94 acres involved, holding the title thereto for the benefit of the appellants, and affirmatively not only validated that judgment as vesting the title to the 94 acres in R. C. Smith and wife, Julia Smith, as against these appellants, but also expressly adjudicated that no such claimed trusteeship in the appellees for any of the appellants existed.

The fact-issues submitted under the court's theory of the case, together with the jury's answers thereto, were these:

"No. 1. Do you find from a preponderance of the evidence that R. C. Smith has had peaceable and adverse possession of the land sued for by plaintiffs, cultivating, using or enjoying the same, and paying all taxes thereon before delinquency, claiming under a deed or deeds duly registered for five consecutive years prior to March 16, 1938? Answer: 'Yes'.

"No. 2. Do you find from a preponderance of the evidence that R. C. Smith has had peaceable and adverse possession of the land sued for by plaintiffs, cultivating, using, or enjoying the same for a period of ten consecutive years under a claim of right prior to March 16th, 1938? Answer: 'Yes'.

"No. 3. Do you find from a preponderance of the evidence that none of the plaintiffs herein had any knowledge of the judgment rendered in cause No. 108,965, styled R. C. Smith v. Daniel Alexander, et al., on the 28th day of November, 1924, more than four years before March 16, 1938, the date the plaintiffs filed this suit? Answer: 'They did not have such knowledge'.

"No. 4. Do you find from a preponderance of the evidence that plaintiffs used reasonable diligence to ascertain the entry of the judgment of November 28, 1924, in cause No. 108,965, styled R. C. Smith v. Daniel Alexander, et al.? Answer: 'They did not use such diligence'.

"No. 5. Do you find from a preponderance of the evidence that if plaintiffs had exercised reasonable diligence, as that term has been hereinbefore defined for you, they would have discovered more than four years before the filing of this suit on March 16, 1938, that judgment had been rendered against them in cause No. 108,-965, styled R. C. Smith v. Daniel Alexander et al.? Answer: 'They would have discovered the same'.

"No. 6. Do you find from a preponderance of the evidence that the plaintiffs, Herbert Ebert, Lucille Leahy, Blanche O. Ebert, Mrs. Mary E. Ebert and Edna Leahy McBeth, or any one or more of them, did not have notice or knowledge of any fact or circumstances, acquired at any time before four years before the 16th day of March, 1938, that should have put them upon inquiry as to whether judgment had been rendered against them in cause No. 108,965, styled R. C. Smith v. Daniel Alexander et. al., for the land involved in this suit? Answer: 'They did have such notice'.

"No. 7. Do you find from a preponderance of the evidence that a citation in cause No. 108,965, R. C. Smith v. Daniel Alexander et al., was not issued and duly published in a newspaper published in Harris County, Texas, for four consecutive weeks, on the amended petition of the plaintiff filed in said suit on May 28, 1924? Answer: 'It was issued and duly published'."

As the quoted special-issues disclose, this suit was originally filed on March 16 of 1938, the record otherwise reflecting that it was then in the form of an action in trespass to try title to the land involved; on June 15 of 1939, thereafter, the plaintiffs, in lieu of their original and two amended petitions, filed their third amended original petition, upon which the trial now under review was had.

The appellants are the widow and heirs of George H. Ebert, while the appellees are R. C. Smith and the minor children of himself and his deceased wife, Julia Smith.

Much of the record made below has been eliminated by this declaration in the appellants' brief:

"Appellants concede that under the evidence before the court, the appellees are entitled to a half interest in the land, and this appeal involves only the title to the other one-half interest.

"Appellants * * * duly filed their appeal-bond, appealing only from that part of the judgment denying plaintiffs any recovery against R. C. Smith and the Smith minors, and did not appeal against the other defendants."

The appeal-bond verifies the just-quoted reaches of the appeal, so that, in any event, the judgment as affects all other parties and issues appertaining exclusively to them than the appellants Ebert, on the one hand, and the appellees Smith, upon the other, not having been challenged in this court, has become final as rendered below.

As presaged in the preceding statement, appellants' major contention is that the trial court should have upheld their claim that the prior judgment against themselves for this same land in No. 108,965, Smith v. Alexander, was void under the evidence they adduced in their attack upon it (the appellees having rested upon that without

presenting any of their own), leaving the title to a one-half interest in the 94 acres in the appellees as mere trustees for the benefit of the appellants, and, as incident to that holding, should further have decreed such interest in them.

On appeal, they ask a reversal of the adverse action taken below, and a rendition here for the one-half interest so coveted. But this court, after a careful review of the able briefs and arguments for both sides, is constrained to hold the judgment to have been correct, mainly upon these considerations:

It may be conceded:

■ (1) That appellants' cause of action, as declared in their trial petition herein, was a personal one by way of direct attack upon the judgment in cause No. 108,965, and that the same was shown to have been at least voidable because based upon a fatally defective nonresident citation against them, but that, in consequence of its being outstanding, they had no cause of action to recover the land involved, unless and until that judgment was first set aside, under these authorities, as relied upon by them: Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Garza v. Kenedy, Tex. Com.App., 299 S.W. 231; Port Arthur Milling Co. v. Beaumont Mills, 105 Tex. 514, 143 S.W. 926.

(2) That R.S. Articles 5509, 5510, relating exclusively as they do to actions for the recovery of land, and prescribing specifically that limitation in such proceedings commences to run only "after cause of action shall have accrued", had no application to this suit as so brought to vacate a pre-existing judgment, regular on its face, for alleged inherent infirmities.

(3) That the judgment in such cause No. 108,965, Smith v. Alexander, was one in trespass to try title, regular on its face, and purported to divest the appellants of all title to this land and invest it in the appellees, and that the appellees did not in this suit specifically plead any other statute in defense of appellants' suit than those applying to limitation in suits for the recovery of land; especially did they not plead the four-year statute of limitation relating to other actions than those to recover land, No. 5529; R.S. Article 5540; Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596; 28 Tex.Jur. 286, 289; William Cameron & Co. v. Collier, Tex.Civ.App., 153 S.W. 1178; Selz Schwab & Co. v. Smith, Tex.

Civ.App., 44 S.W.2d 455; Griffin v. Burrus, Tex.Civ.App., 24 S.W.2d 805.

■ Still, it is thought, they have become "hoist with their own petard", in that under their pleadings, their own exclusive proof, and their admissions in arguments, they have disclosed a situation and state of facts to which a court of equity was authorized to and should have applied the doctrine of laches or stale demand; that is, it is made plain that, however abortive the eliciting from the jury of the answers to the first two quoted issues undertaking to apply the five and ten years' statutes of limitation were, the trial court was correct in entering the judgment it did on the answers to the remaining five special issues, along with its own findings from the "undisputed evidence", presumptively at least upon the theory—while not so denominated—that appellants had been guilty of inexcusable delay in instituting this suit to vacate the pre-existing judgment against them, when they had been in possession of facts which at least charged them with notice of its existence more than four years before its entry. In other words, appellants make very plain that they never had any cause of action, nor could have had any, to recover this land, unless and until they had first gotten rid of the pre-existing judgment for it against them, and further, perhaps in invitum on their own part, at the same time, that they had really delayed for 14 years —from November 28 of 1924 until March 16 of 1938—without any sufficient excuse for not finding out that such prior judgment had been so rendered against them. That long and inexcusable delay upon their part, under well settled authority in Texas, made it the duty of the court of equity to which they applied, in passing upon their appeal to its powers to relieve them from that open and public adjudication they were in duty bound to know about, to, instead, deny their delayed request as a stale demand. 27 Tex.Jur., Laches and Stale Demand, pars. 1 (footnote 2), 3 (footnotes 14 and 17), 4 (footnote 9), 6 (footnotes 20-1), 7 (footnote 9), 11 (footnotes 12 and 13); Montgomery v. Noyes, 73 Tex. 203, 11 S.W. 138; Slaughter v. Coke County, 34 Tex.Civ.App. 598, 79 S. W. 863, error refused; Southall v. Southall, 6 Tex.Civ.App. 694, 26 S.W. 150, error refused; 21 C.J. Equity, pars. 217–229, and par. 251, and footnote cited cases.

■■ Neither is it any answer to say, as appellants in effect do, that the appel-

lees neither specifically pled any such defense, nor cited any particular statute within the purview of which it came; this, for the reason that they did plead not guilty of any of the wrongs, trespasses, and other derelictions appellants charged them with, and that was plainly sufficient, under the Texas authorities just cited; not only so, but the able trial court in its quoted questions to the jury, Nos. 3 to 6, inclusive, in effect held, and rightly so, that the cited four-year statute, R.S. Article No. 5529, constituted at least a minimum period for such a defense, wholly independent of the other issues of limitation it so submitted under the first two inquiries.

Moreover, while that has not been properly challenged, the evidence was amply sufficient to sustain each and all of the findings under those three issues.

Wherefore, on the coming in of the showing made in appellants' own evidence that they had been so charged with notice of facts which would have apprized them of the existence of the old judgment more than four years before they made any move whatever—indeed, as indicated, practically 14 years—to get that judicial blackout to any title to the land they might have had set aside, they had sinned away their day of grace in making their first move to do it so belatedly.

Appellants many times in their arguments freely conceded that the old judgment "divested appellants of all title to the land, and that as long as that judgment remained in force appellants had no cause of action in a suit of trespass to try title"; but they seem to lose sight of the fact that it also at the same time left them with nothing but such an equitable or executory right of action, if any, to have it set aside as only a court of equity could take cognizance of; and that sort of an action is clearly subject to the defense of stale demand or laches; see authorities cited supra.

■ Nor does it become necessary, under the undisputed findings herein adverted to, to determine just when that so-resulting and remaining right became barred in this instance; because, as the trial court perceived, in specifying in effect, in the inquiries to the jury, that it must have continued more than four years, that is sufficient. Under the cited authorities the length of time needful to constitute a bar for laches seems to depend upon the circumstances of the particular case, the

courts of equity being inclined to apply the time prescribed by statute for corresponding legal rights or remedies, which in Texas would be the four-year statute referred to.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; with the interpretation above set out as to what is left here involved for determination upon appeal, the judgment will be affirmed.

Affirmed.

## On Appellants' Motion for Rehearing.

Appellants' motion for rehearing questions this court's original findings of fact in several particulars, among them one finding that their suit herein—as originally filed and prosecuted prior to their amended pleadings—was one in trespass to try title for the land here involved, but, as appellees' reply to such motion reflects, they fail to refute such findings, especially the one as to the original character of their suit; while their original petition is not a part of the record, it conclusively otherwise shows that finding of this Court to have been correct; it is, therefore, reiterated.

■ In further answer to the appellants' motion, appellees re-assert their original counter-proposition No. 1 to appellants' claims, as follows: "The undisputed evidence showing that the appellees entered into possession of the property in controversy in the early part of 1923, and remaining in actual, physical possession adverse to the appellants and all other parties since that time, and a deed having been executed to appellee R. C. Smith and his wife, Julia Smith, and the jury having found on the issues of Five and Ten years possession in his favor, the appellants have no interest in the property in controversy, as any cause-of-action which they may have had arose on the date of the entry of R. C. Smith's possession."

Independently of the doctrine of laches, it is held that this proposition is sound, and, since the ten years' possession and occupancy therein declared upon was affirmatively pled in answer to the appellants' suit and supported not alone by the jury's verdict but also by the undisputed evidence, that resulting situation alone entitled the appellees to the judgment rendered in their favor.

The motion for rehearing will accordingly be refused.

Refused.