73 203
73 602
73 203
81 168

---

## CATHERINE MONTGOMERY ET AL. V. L. T. NOYES.

### No. 2345.

1. **Deed—Equitable Title.**—A deed conveying land was made to husband and wife in consideration of the separate interest of the wife in the location of a land certificate. *Held,* that while the deed vested the legal title in the husband and wife, the equitable title to the land was in the wife alone, and this though the wife's claim to the location may have been worthless, and though the certificate by virtue of which she claimed the location may have been floated and located elsewhere.

2. **Recitals in Deed — Resulting Trust.**—Whenever by the recitals in a re-

corded deed in the chain of title it is manifest that a resulting trust has been created in favor of parties not named, whose relinquishment of a right referred to in the deed constituted the consideration for its execution, the purchaser is put upon inquiry and charged with notice of what an inquiry would have developed regarding the parties interested in the trust.

3. **Pleading—Stale Demand—Statute Construed.**—In trespass to try title a defense based on the staleness of the demand may be relied on under the plea of not guilty. Articles 4793 and 3220, Revised Statutes, construed, and held that the law requiring the defense of limitation to be specially pleaded has no application to the defense of stale demand.

4. **Stale Demand.**—An equitable claim will become a stale demand in ten years after a suit might have been brought to enforce it unless some excuse be shown for the delay.

5. **Same.**—A deed was made to husband and wife conveying the legal title, but for recited consideration which raised a resulting trust in favor of the wife for the entire property in terms which would enable a subsequent purchaser to know her beneficial interest in the trust, though she was not named. After the registration of the deed the husband executed a deed purporting to convey the land, to which he signed his own and his wife's name. Nearly forty years afterwards, during more than ten years of which period the wife was under no disability, suit was brought by her heirs to recover the land. *Held:* As to one-half the interest to which she was entitled in equity under the resulting trust the plaintiffs' demand was stale, and that they were entitled to recover the other half, no limitation being shown.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*F. G. Morris,* for appellant.—The statement in the deed from Moseley Baker to Amelia Harrell and Josiah T. Harrell that it was executed "for and in consideration that the heirs and legal representatives of Isaac Batterson, deceased, have withdrawn all claim in and to the headright survey of James S. Holman," shows on the face of the deed that the heirs and legal representatives of Isaac Batterson, deceased, paid the consideration for said conveyance by a surrender of a claim to land belonging to such estate, and which the heirs acquired by descent, and that therefore the property purchased by the withdrawal of said claim became the separate property of the heirs and legal representatives of Isaac Batterson, deceased. And persons seeking title through this deed were bound to take notice of the legal consequences flowing from the payment of the purchase price of land by the heirs and legal representatives of Isaac Batterson, and must have learned at their peril who such heirs and persons interested in the claim to property thus surrendered were, involving in the inquiry the question as to whether either Josiah T. Harrell or Amelia Harrell had any separate property interest, and how much, in the claim which was surrendered, so as to measure their interest in the property which the deed from Moseley Baker for such consideration conveyed. The facts showing that Amelia Harrell owned a community interest in said claim so withdrawn as surviving wife of Isaac Batterson,

deceased, and that it was to satisfy her interest in the surrendered claim that the conveyance in question was made to her and her second husband, Josiah T. Harrell (other property having been conveyed to the other heirs of Isaac Batterson to satisfy their interests), all persons proposing to buy the title passed by said Moseley Baker were as much affected by these facts, which the statements of the deed pointed to and compelled them to inquire about, as if all the facts had been stated on the face of the deed. And furthermore the claim of title to the land in controversy being deraigned through a deed made for Amelia Harrell by Josiah T. Harrell as her attorney in fact, acting under a power of attorney from his wife authorizing him, not to sell community property, but, as stated in the power of attorney, to act for her in her own right and in her own name, as well as to act for her in her capacity as administratrix of the estate of Isaac Batterson, deceased, the acting on this power of attorney by Josiah T. Harrell is ε representation by him, which is adopted by Henderson and all persons claiming under this chain of title, to the effect that the separate property of Amelia Harrell was sought to be conveyed by said deed. McIntyre v. Chappell, 4 Texas, 187; Love v. Robertson, 7 Texas, 6; Huston v. Curl, 8 Texas, 239; Rose v. Houston, 11 Texas, 324; Higgins v. Johnson, 20 Texas, 397; Dunham v. Chatham, 21 Texas, 231; Morrison & Hart v. Clark, 55 Texas, 437. Where consideration is recited in the deed. Kirk v. Navigation Co., 49 Texas, 215; Fisk v. Flores, 43 Texas, 340; Rogan v. Williams & Co., 63 Texas, 123; Willis v. Day, 48 Texas, 463.

The property in controversy being the separate property of Amelia Harrell, no title thereto passed to persons having notice of this fact by the deed made in her name to J. W. Henderson, in which her husband joined, but which was not signed, sealed, delivered, or acknowledged by her as required by law, but was executed for her by her husband Josiah T. Harrell as her attorney in fact, acting under a power of attorney to him, which was not signed, sealed, or delivered by him, but by said Amelia Harrell alone. Pasch. Dig., arts. 997, 1003, and note 427; Cannon v. Boutwell, 53 Texas, 626 and authorities there cited; Jones v. Goff, 63 Texas, 248; Mott v. Smith, 16 Cal., 556, 557; Holiday v. Dailey, 19 Wall., 609; Washb. on Real Prop., 4 ed., secs. 21, 22, pp. 258, 259.

The plea of stale demand made by the defendant Noyes can have no application to the case because the deed from Moseley Baker to Amelia Harrell and Josiah T. Harrell referred to facts which were in the minds of the parties, showing when examined that the purchase price of the conveyance was paid out of the separate estate of Amelia Harrell, the legal consequence of which facts operated as much to make the property thus acquired her separate property as if the conveyance had been in terms to her separate use. Where the deed to two or more vendees does not specify the interest to be vested in each, but states that all the

consideration was paid by one, for the same reason that a trust is implied where the consideration is paid by others than the vendee in the deed, it will be presumed in the case just mentioned that the vendee in the deed who the deed on its face and 'by reference to other facts shows paid the consideration is to take the entire interest, legal and equitable, under the deed, whatever might be the presumption as to apportionments of interest, in the absence of facts being stated on the face of the deed and referred to which are of such legal import as to regulate the interests to vest under the deed, and which must have been in contemplation of the parties to the deed. Freem. on Coten., etc., sec. 20; Kirk v. Navigation, 49 Texas, 215; Dunham v. Chatham, 21 Texas, 231; Morrisson & Hart v. Clark, 55 Texas, 437; Fisk v. Flores, 43 Texas, 340; Rogan v. Williams & Co., 63 Texas, 123; Williams v. Conger, 49 Texas, 582; Edwards v. Brown, 68 Texas, 332.

Laches could not be imputed to the plaintiffs for failure to sue until some injury to their property was inflicted by taking possession of or using or enjoying the same in violation of plaintiffs' rights, and not from the mere assertion of an adverse claim. The plaintiffs could not have brought an action to clear cloud from title, because they were out of possession; and while they could have brought an action of trespass to try title, yet they could only have done so by electing to consider themselves sa disseised by the assertion of an adverse claim, and without this election (which was not made) they could have no cause of action. Herrington v. Williams, 31 Texas, 448; Titus v. Johnson, 50 Texas, 224; McKin v. Williams, 48 Texas, 92; Hart's Heirs v. Young, etc., 3 J. J. Marshall, 415.

*Hutcheson, Carrington & Sears,* for appellee.—The recitation in the deed from Moseley Baker to Josiah T. Harrell and Amelia Harrell conveys no notice that the consideration was the separate property of Amelia Harrell. A purchaser would have the same right to presume that Josiah T. Harrell himself was one of the heirs, etc., of Isaac Batterson as that Amelia Harrell was. The presumption being that the property was community, and there being nothing in the face of the deed to the contrary, the deed and signature of J. T. Harrell alone was sufficient to convey and did convey the title to an innocent purchaser. Cooke v. Bremond, 27 Texas, 457; Wallace v. Campbell, 54 Texas, 87; Huston v. Curl, 8 Texas, 242; Kirk v. Navigation Co., 49 Texas, 215; French v. Strumburg, 52 Texas, 109; Parker v. Coop, 60 Texas, 114.

Notice must be such as to cause the purchaser to inquire and to enable him to ascertain the fact by inquiry. Martel v. Somers, 26 Texas, 551; Wethered v. Boon, 17 Texas, 143; Clark v. Koehler, 32 Texas, 79; 5 Texas, 451; Hawley v. Bullock, 29 Texas, 222.

We maintain that this property was actually the community property

of J. T. Harrell and Amelia Harrel.    While the basis for the acquisition of this property may have been the separate estate of Amelia Harrell the property itself was an outgrowth of it—an increase, a distinct and severable gain upon her separate estate, earned and acquired by the individual exertions of Josiah T. Harrell (or their joint exertions) during coverture in effecting a compromise and settlement of the controversy with Baker, leaving his wife's separate estate still intact.    That this property grew out of Mrs. Harrell's separate estate renders it no more hers in separate right than would be the rents received from or interest accruing upon her separate estate.    DeBlanc v. Lynch, 23 Texas, 25; White v. Lynch, 26 Texas, 195; Braden v. Gose, 57 Texas, 40, 41; Wilkinson v. Wilkinson, 20 Texas, 242.

Appellants' title, if any they have, is an equity depending for its recognition and enforcement upon the proof of the payment of the consideration for the property by their ancestress, and they are estopped and barred from ascertaining such a claim now by their laches, acquiescence, and non-claim for more than forty years with full knowledge of the assertion of an adverse legal title, and the passing of value on the faith of the same and encouraged by their silence.

The title of appellant's, if any, is only an equitable title.    2 Washb. on Real Prop., 441, 442; 2 Story Eq., 1201, 1202, and cases cited; Fenn v. Holmes, 21 How., 484; 26 Texas, 227; 15 Texas, 242; 2 Texas, 145.

On Laches.    Perry on Trusts, 856, 869, and cases cited; Carlisle v. Hart, 27 Texas, 350; 9 Texas, 129; McKin v. Williams, 48 Texas, 92; 10 Texas, 246; Allen v. Urquhart, 19 Texas, 480; 2 Story Eq., 1520; Piatt v. Valtier, 9 Pet., 417, and cases cited.

As the presumption of community attached to this deed made to husband and wife jointly, rendering the wife's title enforceable only upon clear proof that the consideration was hers, the general rule applies that where the conveyance is to one person and the purchase money has been paid by another the claim of the latter is a resulting or implied trust to be enforced against the trustee and his vendees holding the legal title. It is not a legal title asserting itself without the aid of a court of equity. Huston v. Curl, 8 Texas, 242; French v. Strumburg, 52 Texas, 109; Wallace v. Campbell, 54 Texas, 87; Smith v. Boquet, 27 Texas, 512; Higgins v. Johnson, 20 Texas, 389; Fenn v. Holmes, 21 How., 484.

COLLARD, JUDGE.—Amelia Harrell, wife of Josiah T. Harrell, was the surviving wife of Isaac Batterson, deceased, and administratrix of his estate.    She was entitled to one-half of his headright league and labor certificate.    The certificate was located on and covered nearly all the James S. Holman survey of one-third of a league.    Moseley Baker, assignee of Holman, in settlement of the controversy of priority of the two locations, executed deeds to each of the children of Batterson for

several parts of the Holman survey, and also about the same date, May the 12th, 1845, executed a deed to Josiah T. and Amelia Harrell, before the Batterson administration was closed, for the land in controversy, reciting in all the deeds that they were made "for and in consideration that the heirs and legal representatives of Isaac Batterson, deceased, have withdrawn all claim in and to the headright survey of James S. Holman, south of and adjoining the two league grant of John Austin."

These deeds were duly recorded May 26th, 1845. The Batterson headright certificate was then lifted and relocated in Navarro county, surveyed May the 7th, 1847, patent issued, and the land was afterwards owned and controlled by the Batterson heirs. In June, 1846, Josiah T. Harrell for himself and wife Amelia, in consideration of $500, executed a deed, he signing her name, to J. W. Henderson for the land in controversy, it being a part of the land conveyed by the Baker deed to Harrell and wife. Appellees deraign title from Henderson by warranty deeds reciting considerations of $500 to $1000, and proved payment of the same for their respective lots and parcels of land. Appellants, except J. H. Collett, are heirs at law of Amelia Harrell, and Collett deraigned regularly from them for the land claimed by him, ten twenty-fourths of the land sued for. Mrs. Harrell died in 1861, after her husband, who died before the war. Appellants claim that the land was the separate property of Amelia Harrell, of which Henderson and his vendees had notice by the recitals in the deed of Moseley Baker to Harrell and wife, which was duly recorded. Appellees claim that the land was community of Mrs. Harrell and her husband, and if not so in fact it was presumptively so by the deed to them, and that Harrell's deed to Henderson conveyed the title so far as innocent purchasers are concerned.

The effect of the deed of Moseley Baker to Josiah T. Harrell and his wife Amelia Harrell was to vest the legal title to one undivided half of the land conveyed in each of the grantees. Mays v. Manning, *supra*, 43; Edwards v. Brown, 68 Texas, 332. But the facts in proof show that Mrs. Harrell's interest in her separate right in the location of the Batterson certificate constituted the consideration for which the deed was executed; not her interest in the Batterson certificate, but in its location. That interest was surrendered and preference given to the location of the Holman certificate in consideration of the deed from Baker, who at the time owned the Holman location. These facts put the equitable title to all the land conveyed by the deed in her. It is immaterial that the Batterson certificate was afterward floated and located elsewhere and that she still retained her interest in the second location, and it is needless to inquire what her claim by the original location was worth or whether it was worth anything. It was deemed valuable by the parties; it was hers and was given in exchange for the Baker conveyance, and so vested in her the equitable title to the land exchanged for it.

The deed recited sufficient facts concerning the consideration to put parties upon inquiry and to affect them with the consequences of notice of the fact that she owned the land in her separate right. The recital was that "in consideration that the heirs and legal representatives of Isaac Batterson, deceased, have withdrawn all claims in and to the headright survey of James S. Holman south of and adjoining the two league grant of John Austin," etc. This recital indicated that though the conveyance was to Harrell and wife there was a resulting trust in favor of the parties making the relinquishment, whoever they might be, and it was the duty of purchasers to inquire and ascertain who the parties were. In the case of Cook v. Bremond, 27 Texas, 457, the deed was made to the wife upon a money consideration of two hundred dollars, and it was held that an inspection of the deed authorized the purchaser to infer that the property was community. In the case of Kirk v. Navigation Company, 49 Id., 214, the deed was to the wife upon a consideration purporting to have been paid by her but not out of her separate estate; it was held not sufficient to put upon inquiry one innocently dealing with the husband upon the faith of the presumption that the land was community.

The same doctrine has been recognized in other cases in this State (Strumburg v. French, 52 Texas, 109; Parker v. Coop, 60 Texas, 114), but there was no resulting trust engrafted upon the property by the recitals in the deeds in those cases; in the case before us there is. The doctrine in the cases cited ought not to be extended so as to shield a purchaser in a case like the present. Our conclusion is that the recitals in the deed were sufficient to put persons of ordinary prudence upon inquiry, and that defendants must be held to have had notice of what they might have learned by such inquiry. They and their vendor Henderson are chargeable with knowledge of the contents of the recorded deed under which they claim, and with such knowledge ordinary prudence required them to look further and learn the facts constituting Mrs. Harrell's equitable right to the land.

Appellees relied on stale demand as a defense in the court below. It was specially pleaded by Noyes, but not by others. In an action of trespass to try title defense of stale demand can be made under the plea of not guilty. The statute concerning trespass to try title provides that "under such plea of not guilty the defendant may give in evidence any lawful defense to the action except the defense of limitation, which shall be specially pleaded." Rev. Stats., arts. 4793 and 3220. Stale demand is in some respects analogous to limitation, but it is not technically limitation as the word is used in the statute above quoted. Mays v. Manning, *supra*, 43.

Stale demand has no application to the legal title of Mrs. Harrell owned by appellants to one undivided half of the land in suit, but it

does apply to the other half, of which she had the equitable title, and as to that the evidence abundantly sustains the defense.

Harrell, in whom was vested the legal title to one undivided half of the land by the deed from Baker to him and his wife, conveyed it to Henderson in June, 1846. This suit was brought November, 1885, nearly forty years after the sale. Harrell died before the war, leaving his wife a *feme sole*, at which time the courts were open to her; she knew of her claims before the war. She died in 1861 and her heirs have known of the claim at least since her death; the papers concerning the title have been in the hands of agents and attorneys of the heirs for more than ten years prior to the institution of the suit; the parties have lived in the neighborhood of the land and knew it was being bought and sold under the title conveyed to Henderson; no suit was brought until this one, and no excuse is given for the delay. These facts leave no doubt as to the sufficiency of the evidence to sustain the defense. See Carlisle v. Hart, 27 Texas, 350; McKin v. Williams, 48 Id., 92, and authorities there cited, showing that an equitable demand will become stale in ten years after suit might have been brought without some excuse for the delay, the same being the longest period of limitation.

The defense of stale demand should have been sustained to one undivided half of the land sued for, because it was an equitable demand against the legal title and was suffered to lapse by inexcusable negligence and failure to sue upon it. Chilton pleaded limitation of ten years, but no possession was shown by any of the defendants. On their legal title plaintiffs below are entitled to recover one undivided half of the land claimed by the defendants Noyes, Chilton, and Couling, and the defendants named are entitled to recover on their defense of stale demand the other undivided half.

The judgment of the court below should be reversed and remanded.

*Reversed and remanded.*

Adopted March 5, 1889.