### SARAH STONE ET AL. v. M. S. KAHLE ET AL.

Decided November 14, 1899.

**1. Trustee—Power to Reinvest Funds—Trust Deed Construed.**

Where a deed of trust authorizes the trustee to manage, lease, rent, or sell the land conveyed as may best provide for the same being used for the benefit of the cestuis que trust, "and for no other purpose," giving him authority to collect the income for their use, he is not authorized to invest the income for the use of such land in real estate, and reserve in himself, as trustee, power to sell the same.

2.  Same—Resulting Trust.

   Where a trustee, acting outside his authority, purchases land for his cestuis que trust, making a part payment thereon out of their funds, a resulting trust arises in their favor to the extent of the amount then or afterwards paid out of their moneys.

3.  Same—Recitals Charging Notice of Trust.

   The recital in a deed that a part of its consideration is paid with funds of cestuis que trust of the grantee is sufficient to charge a purchaser of the land from him with notice of the trust.

   Appeal from Johnson.   Tried below before Hon. J. M. Hall.

   *Ramsey, Brown & Odell* and *Harris, Etheridge & Knight,* for appellants.

   *English, Ewing & Walker* and *O. T. Plummer,* for appellees.

   BOOKHOUT, Associate Justice.—This suit was commenced in the District Court of Johnson County, Texas, on September 15, 1896, and was tried on an amended original petition filed on June 29, 1890, in which Sarah Berkson, joined by her husband, Joseph Berkson, Rosa Stone, Yeata Stone, and Jennie Stone, the last being a minor and suing by her next friend, Sarah Berkson, sought to recover of the defendant M. S. Kahle 170 acres of land in Johnson County, Texas.

   The defendants answered setting up title to the land.

   There was a trial, and the court instructed the jury to return a verdict for defendants.   Upon a verdict so returned for defendants, a judgment was entered, from which the plaintiffs prosecuted an appeal to this court.

   In 1877 Simon Stone conveyed unto I. Stone, in trust for the children of said I. Stone, to wit, Rosa Stone, Sarah Stone, and Yeata Stone, certain real estate in the city of Cleburne, Johnson County, Texas.   This deed does not include the property involved in this suit.   The deed, after describing the property, proceeds as follows:   "To have and to hold all the above described tract of land to the use and benefit of the said Rosa, Sarah, and Yeata Stone, forever, and I do hereby agree and constitute to defend the title to the same against the lawful claims of all persons whomsoever.   And further, I hereby appoint the said I. Stone to manage, lease, rent, or sell the said tract of parcel of land, as above described, as may best provide for the same being used for the benefit of the said children above mentioned, and provided in no event shall the said I. Stone dispose of the said property for any other purpose than the use and benefit of the said Rosa, Sarah, and Yeata Stone, and in no case shall the rents and profits be applied or appropriated to any other purpose or to the use and benefit of any other person, or persons, than the said Rosa, Sarah, and Yeata Stone."

   This property was improved, and produced an annual income of something over $500 per year.

   On the 6th of March, 1882, John H. Brumley and his wife, for a re-

cited consideration of $2500, viz., "two hundred dollars cash in hand paid, the receipt whereof is thereby acknowledged, and two certain promissory notes, one for one thousand dollars ($1000) to become due twelve months after the date of said instrument, and the other for thirteen hundred dollars, to become due two years after their date, each to draw interest at the rate of twelve per cent per annum (the same being the separate funds of Sarah, Yeata, and Jennie Stone), do hereby bargain, sell, alien, and convey unto Isaac Stone, in trust for the sole use and benefit of them, the said Sarah, Yeata, and Jennie Stone," etc. Then follows a description of the land conveyed, being the same land embraced in this suit, consisting of 170 acres in Johnson County, Texas.

The habendum clause of this deed reads: "To have and to hold the same, together with all and singular the appurtenances thereunto belonging unto him, the said Isaac Stone, as trustee, his heirs and assigns forever, in trust, however, for the sole use and benefit of the said Sarah, Yeata, and Jennie Stone. And the said Isaac Stone is hereby authorized and empowered to manage and lease or rent said premises, and to collect the rents, issues, and profits of the same, and to manage, use, and invest said funds for the use and benefit of the said Sarah, Yeata, and Jennie Stone. And he is also empowered to sell the said premises or any part thereof, and to make to the purchaser or purchasers thereof a good and sufficient deed of conveyance thereto, and to manage, use, and invest the proceeds of such sale or sales for the use and benefit of the said beneficiaries aforesaid." This deed was duly acknowledged and recorded on March 23, 1882.

On July 7, 1883, Isaac Stone conveyed the land by general warranty deed to Louis Stone, of Garland County, State of Arkansas, for a recited consideration of $4000, as follows: $1000 in cash and the giving up of the two promissory notes executed by Isaac Stone, trustee, to J. H. Brumley, one for $1000, and one for $1300, and transferred by J. H. Brumley to Louis Stone; and one note for $500 executed by Isaac Stone, trustee, to Louis Stone, the same being given for part of the purchase money paid said J. H. Brumley by Isaac Stone, trustee, on the 6th day of March, 1882.

On July 14, 1883, Louis Stone executed to Isaac Stone a power of attorney, duly acknowledged in Cleburne, Johnson County, Texas, and recorded January 22, 1884, authorizing the said Isaac Stone to sell and dispose absolutely in fee simple the land in controversy, "and to rent, lease, and contract in any manner for Louis Stone's interest in any manner for the protection of said property, to collect rents, force payment of same, and to do any and all acts that may be regarded by Isaac Stone as for the interest of Louis Stone." It further authorized him to sell the farming implements and other appurtenances on said place.

Isaac Stone, acting as attorney in fact for Louis Stone, conveyed the land to the defendant, M. S. Kahle, by deed dated January 22, 1884, the deed reciting a consideration of $3000, $1000 in cash and two notes for

$1000 each, one due July 1, 1884, and the other January 1, 1885, and both payable to Louis Stone or order.

The evidence shows that the names Rosa Stone and Jennie Stone apply to the same person and are used interchangeably. The notes described in the deed from J. H. Brumley and wife to Isaac Stone were signed, "Jennie, Sarah, and Yeata Stone, by Isaac Stone, trustee."

*Conclusions of Law.*—The deed from Simon Stone to Isaac Stone, trustee, dated December 24, 1877, created a trust estate in favor of the beneficiaries, Rosa, Sarah, and Yeata Stone. This deed expressly defines the powers and duties of the trustee, Isaac Stone. It does not in its terms authorize the trustee to reinvest the income from such estate in real estate and reserve in himself as trustee authority to sell the same. Without such power being conferred, we are of the opinion that the trustee did not have authority to invest the income from such trust estate in real estate and reserve in the deed to himself, as trustee, power to sell and convey the same. Gouldy v. Metcalf, 75 Texas, 455; Blanton v. Mayes, 58 Texas, 422; 2 Perry on Trusts, sec. 606.

The deed from the Brumleys to Isaac Stone, trustee, recites a consideration of $2500, and of this sum it acknowledges the receipt of $200 paid out of the separate funds of Sarah, Yeata, and Jennie Stone. Such payment out of their separate estate created a resulting trust in their favor in the land in proportion that the amount so paid bore to the entire consideration. Parker v. Coop, 60 Texas, 611; De Everett v. Henry, 3 S. W. Rep., 566; Chambers v. Brown, 2 S. W. Rep., 518; Montgomery v. Noyes, 73 Texas, 203; 1 Perry on Trusts, secs. 132, 133.

This deed is one of the links in the defendant's chain of title, and the recitations therein are evidence against him, and we think were sufficient to put him upon inquiry as to the character of this portion of the transaction. Montgomery v. Noyes, 73 Texas, 203; Golson v. Fielder, 2 Texas Civ. App., 400; Wallace v. Pruitt, 20 S. W. Rep., 728.

The trustee, Isaac Stone, in the deed from the Brumleys, had no power to sell that part of the property shown by the deed to have been paid for out of the funds of plaintiffs, and if any part of the two notes therein described was paid out of the funds of plaintiffs, or paid by their mother for them, and defendant had notice of such payment, or knowledge of such facts as would put him upon inquiry, which if prosecuted with reasonable diligence would have led to notice of such payment, then he is chargeable with knowledge that said trustee could not convey any of said land.

It follows that the trial court erred in instructing a verdict for defendant, and the judgment of this court, reversing the judgment of the trial court and remanding the cause, was proper, and hence the motion for rehearing is overruled.

The conclusions heretofore filed are withdrawn, and the above will stand as the opinion of the court.

*Reversed and remanded.*