Floyd v. The State.

the mortgage; unless they have lost their remedy by their neglect to sue within the period of the statute of limitations. The judgment is right upon the plaintiffs' allegations and the verdict of the jury; and the court did not err in refusing to make the satisfaction of the mortgage a condition to the admission of the defence.

There is no error in the judgment and it is affirmed.

Judgment affirmed.

FOUNTAIN R. FLOYD v. THE STATE.

To constitute a road, ordered to be "laid out" by the County Court, a public road, the designation of its locality by reference to natural objects, (if, from the nature of the country, that can be done,) and the adoption thereof by the County Court is sufficient; and is as effectual as if made by passing over the ground, marking trees, or setting up mounds.

APPEAL from Orange. Tried below before the Hon James M. Maxcy.

Indictment for obstructing a public road. The offence is alleged to have been committed in the year 1857. In the year 1848 the County Court appointed five persons to review a certain road specified in the order by the termini thereof. They made their report, making the following designations of the road: "To run from the neighborhood of Double Point, say to intersect the road to Curtis' ferry, on Cow Bayou, to strike the marsh on the west side of the river at a bunch of gums; thence strike the river one mile and a quarter above Montis' present residence; thence across at the mouth of George Allen's bayou; thence to intersect the road from Bouncer's old place to Curtis' ferry on Cow Bayou." On the 10th of January, 1843, the report was received, and the road ordered to run as above set forth. At the same term an overseer of the road was appointed, with an allotment of the hands liable to work on it.

The jury found the defendant guilty, and assessed the fine at $150.

*H. N. & M. M. Potter*, for the appellant.

*Attorney-General*, for the appellee.

ROBERTS, J.—The point in this case is whether or not the road obstructed was shown to be a public road. It is contended by appellant that it was not a public road, because the persons appointed to lay out the road did not perform their duty as required by law, and until that was done the order creating the road was inoperative.

The act of Congress of 1836, under which this order was made, vests in the "County Court full power to order the laying out public roads, when necessary." It provides also that whenever it shall be deemed necessary to lay out any new road, the County Court shall appoint at least five freeholders or householders, who shall be entrusted by the court to lay out the road so ordered to the greatest advantage of the inhabitants, and as little as may be to the prejudice of enclosures." (2 sec. Act of 1836, 1 Cong., 157.)

This act does not prescribe the particular mode to be pursued by these persons in "laying out the road." The object of their appointment was to select the route or locality of the road. If, from the character of the country, they could designate the route by a reference to natural objects, as well as by passing over the ground and marking trees or setting up mounds, it is not perceived why that mode would not equally well accomplish the object of the law.

It is shown in this case that such designation was made by the persons appointed by reference to natural objects, and was adopted by the County Court; that overseers were appointed on the road, and that it had been worked and used as a public road.

We think this was sufficient. There being no error shown upon the record, the judgment is affirmed.

                                        Judgment affirmed.