## G. D. HOFFMAN v. E. H. BUCHANAN.

Decided November 4, 1909.

**1.—Findings of Fact—Harmless Error.**

The failure of the trial court on request to make findings of fact upon an issue involved is not prejudicial or ground for reversal where the evidence is brought up by statement of facts and subject to review on appeal.

**2.—Purchase of Land—Trust—Parol Sale.**

It seems that one negotiating a purchase of land who agrees beforehand with another also desiring to purchase a part of same that he will, on obtaining deed to the whole to himself, convey to the other the part the latter desired to buy at the price paid by himself therefor, was more than a mere parol agreement to sell, but constituted such purchaser, on obtaining title, a holder of such part in trust for the one to whom he had promised to convey.

**3.—Trust—Action for Land—Tender of Payment.**

Plaintiff, claiming land on the ground that defendant had purchased and paid for it under an agreement to convey it to him on payment of the same purchase price, could not recover it in trespass to try title without tendering such payment.

**4.—Limitation—Trust—Adverse Possession.**

One who purchased land under an agreement simply to convey it to another on repayment of the purchase money advanced, but who thereupon took possession, improved and cultivated it, was not in possession as a trustee, there being no agreement that he should take possession and hold it for the other. His possession was that of a trespasser and adverse to proposed purchaser. The action of the latter to recover the land was barred by such possession and use for five years under a recorded deed.

Appeal from the District Court of Red River County. Tried below before Hon. Ben H. Denton.

*Kennedy & Robbins,* for appellant.—The court erred in failing and refusing to file additional findings of fact as requested by plaintiff. Sayles' Rev. Stats., art. 1333; Callahan v. Grenet, 66 Texas, 236; Cason & Bro. v. Connor, 83 Texas, 30; Fitzhugh v. Land Co., 81 Texas, 313; Parker v. Stephens, 39 S. W., 164.

Plaintiff acquired title to the land in controversy solely by virtue of a contract or agreement between plaintiff and defendant for the joint acquisition of land, a part of which is the land in controversy. An express trust in favor of plaintiff in the land in controversy was thereby created and defendant was the trustee to execute and carry out such trust. Gardner v. Rundell, 70 Texas, 453; Boon v. Chamberlain, 82 Texas, 481; Stafford v. Stafford, 96 Texas, 110; Lucia v. Adams, 36 Texas Civ. App., 454.

An offer to pay, coupled with an ability, readiness and willingness to pay at any and all times, is a good and sufficient tender in law, especially so when the party to whom the offer was made did not object to its sufficiency at the time when made. Brock v. Jones, 16 Texas, 467; Spann v. Stearns, Adm'r, 18 Texas, 562; Haney v. Clark, 56 Texas, 96; Gardner v. Rundell, 70 Texas, 457; 25 Am. & Eng. Ency. of Law, 904, sec. 2; 916, secs. 8, 9 and notes.

An express trust in the land involved, in appellant's favor, was created by said agreement, the appellee the trustee to execute and carry out the trust, which may be enforced in a suit by the beneficiary to recover the land. Having offered to perform his part of the agreement, no additional offer was necessary nor was it necessary to plead a tender in court as a prerequisite to the right to maintain a suit for the recovery of the land. Gardner v. Rundell, 70 Texas, 453; Stafford v. Stafford, 96 Texas, 110; Lucia v. Adams, 36 Texas Civ. App., 454; Halsell v. Wise County Coal Co., 19 Texas Civ. App., 564; Henderson v. Rushing, 47 Texas Civ. App., 485.

When two or more persons by agreement or contract agree to purchase land for their joint or mutual benefit, the deed to the whole to be taken in the name of one, and he in turn to execute deed or deeds to the others for their joint or specified interest, the relationship of trustee and *cestui que* trust is created, and when the trustee is invested with title under such agreement, he holds the legal title in trust for the *cestui que* trust to the extent of his interest under such agreement, and no limitation, either in law or equity, will run against such *cestui que* trust for his interest therein, until the trustee has openly disavowed or repudiated the trust, and such disavowal or repudiation made known to the *cestui que* trust, or has done some overt act and brought it to the knowledge of the *cestui que* trust, clearly indicative of his intention to claim and hold the entire purchase adversely to and in defiance of the rights or claims of the *cestui que* trust. Brotherton v. Weathersby, 73 Texas, 473; Neyland v. Bendy, 69 Texas, 712-13; Perry on Trusts, pp. 539-40, sec. 433.

This is an action for the recovery of land and the statute of limitation of four years found by the court as a bar to appellant's suit is not applicable. Sayles' Rev. Stats., art. 3358; Stafford v. Stafford, 96 Texas, 110; Rutherford v. Carr, 99 Texas, 101; Craig v. Harless, 71 S. W., 595-96.

If an express parol trust in favor of appellant existed in the land in controversy, it arose and was created by virtue of an agreement theretofore entered into between appellant and appellee for the joint acquisition of the land deeded to appellee, under which agreement the deed was to be taken in the name of appellee to all the land so acquired, and he in turn was to deed to appellant the land in controversy. Such an agreement is a contract to convey land, is not within the statute of frauds, and the enforcement of which in a suit to recover the land is barred only by the ten years statute of limitation. Sayles' Rev. Stats., art. 3360; Hodges v. Johnson, 15 Texas, 574; Rucker v. Daily, 66 Texas, 286; Mayes v. Manning, 73 Texas, 46; Brotherton v. Weathersby, 73 Texas, 473; Chamberlain v. Boon, 74 Texas, 663; Boon v. Chamberlain, 82 Texas, 481; Barnett v. Barnett, 80 Texas, 537; Stafford v. Stafford, 96 Texas, 110; Halsell v. Wise County Coal Co., 19 Texas Civ. App., 564.

*Moore & Park,* for appellee.—Where there is a full statement of facts in the record, the failure of the court to make additional findings,

although demand in due time is made, is not cause for reversal. Hoffman Imp. Co. v. Templeton, 4 App. C. C. (Willson), sec. 53.

No trust can be set up by mere parol agreement, and no trust results merely from the breach of a parol contract; if one agrees to purchase land and give another an interest in it, or to sell him a part of it, and he purchases and pays his own money, and takes the title in his own name, no trust results. Resche v. Diesselhurst, 26 S. W., 762; Thorpe v. Gordon, 43 S. W., 323.

A parol agreement between two or more parties to jointly acquire land and take title in the name of one of the parties, does not create a trust in favor of the other that can be enforced by a suit of trespass to try title, unless the latter has paid or tendered payment of his part of the consideration, or performed or tendered performance of the terms of the agreement to acquire. An agreement to convey title does not constitute equitable title, but only an equity which may ripen into title by the party seeking to enforce the agreement performing or tendering performance of his part of the contract. James v. Fulcrod, 5 Texas, 19; McCampbell v. Durst, 73 Texas, 410; Stafford v. Stafford, 96 Texas, 106; Secrest v. Jones, 21 Texas, 121; Estes v. Browning, 11 Texas, 237; DeCordova v. Smith, 9 Texas, 129.

Plaintiff not having paid or tendered in payment, under the terms of the agreement as contended for by him, the price of the land sued for, he did not by such agreement acquire an equitable title thereto, but only an equitable right to acquire title. This was a right that rested in parol and was barred by the four years statute of limitation. Rev. Stats., art. 3358.

HODGES, ASSOCIATE JUSTICE.—The appellant instituted suit in the court below in the form of an action of trespass to try title for the recovery of twenty acres of land, a part of the Haskell survey in Red River County. The appellee answered by a plea of not guilty, improvements in good faith, limitation of two, four and five years, stale demand and laches. In a supplemental petition appellant alleged an agreement or contract between him and the appellee under and by virtue of which the land involved was purchased, and charged that if he had been guilty of laches in bringing his suit the same was caused by the conduct of the appellee, and that the improvements pleaded by the appellee were made with full knowledge of appellant's rights. The case was tried before the court without a jury, and a judgment rendered in favor of the appellee, defendant below.

At the request of the appellant the court filed his conclusions of fact and law, which are substantially as follows: On the 6th day of June, 1898, appellee Buchanan purchased, and by deed properly executed acquired title to 195 acres of land, a part of the Haskell survey in Red River County, the consideration for which was paid for wholly from his own money, the price being $4 per acre. Prior to the date of the above-mentioned sale and conveyance, in the latter part of 1897 or spring of 1898, the appellant, Hoffman, had negotiated with the agent of the owners of the aforesaid tract for the purchase of fifty acres off of its north end, but those negotiations failed to result in any sale. Before the date of the sale and conveyance of the above-de-

scribed land to Buchanan, the latter, by a parol agreement, promised to let the appellant have twenty acres off the north end of the 195-acre tract, and agreed to make him a deed thereto when he (the appellee) secured a deed to himself for the entire tract, upon appellant's paying him the same price paid therefor. Immediately upon the execution of the deed conveying to Buchanan the 195-acre tract he went into the actual, adverse and exclusive possession of the same, and has ever since remained in such actual, adverse and exclusive possession, using, cultivating and enjoying said land and paying all taxes assessed against the same. Upon Buchanan's going into such possession he at once fenced the same and began clearing and putting it into cultivation, and put about seventeen or eighteen acres of the twenty acres sued for into an actual state of cultivation, erected houses thereon and made other improvements amounting in value to $500. Appellant had notice of the fencing, clearing and putting of said twenty acres into a state of cultivation at the time it was done. The court also finds that Hoffman, the appellant, never paid or tendered to Buchanan the price paid by the latter for twenty acres. This suit for the recovery of the twenty acres was filed on the 14th day of December, 1906, about eight years and six months after the date of the deed conveying title to the land to Buchanan. The value of the land when purchased was placed at $4 per acre. The value of the twenty acres without the improvements placed on it would be $10 per acre. That the improvements had enhanced the value $500. The rental value of the land is placed at $4 per acre per annum.

From the foregoing the court concludes, as a matter of law, that if Hoffman ever acquired any interest in the twenty acres of land sued for through the parol agreement between him and the appellee, then by reason of not having paid or tendered payment of the purchase price of the land such interest was only an equity, as distinguished from an equitable title, and that having no title, legal or equitable, Hoffman could not maintain a suit of trespass to try title to recover the land. He further concludes that if the parol agreement mentioned in the conclusions of fact is sufficient, without the payment or tender of payment of the price paid by Buchanan for the land, to raise an express parol trust in favor of the appellant in said land, the act of Buchanan in fencing, clearing and improving the land was a repudiation of the trust, and that Hoffman had notice thereof at the time, and consequently his cause of action, if he ever had any, is barred by the statutes of limitation of two, three and four years.

Complaint is made at the refusal of the court to file additional conclusions of fact upon the request of the appellant to do so. Whatever may be the merit of the request for additional conclusions of fact, we do not think the refusal of the court to comply with it is sufficient grounds to justify a reversal of this case. It appears that a full statement of facts, agreed to by the parties, accompanied the transcript, and it does not appear that the appellant has suffered any injury by reason of the failure complained of. The rule seems to be well recognized in this State that the failure of the court to file additional conclusions of fact and law upon the request of the party appealing will not be grounds for reversal when it appears that no injus-

tice has been done. *City Nat'l Bank v. Stout,* 61 Texas, 567; Huffman Implement Co. v. Templeton, 4 App. C. C. (Willson), p. 35, sec. 13; 14 S. W., 1015; Alamo Fire Ins. Co. v. Shacklett, 26 S. W., 631; Crocker v. Crocker, 19 Texas Civ. App., 296.

By the second assignment of error appellant assails the correctness of the conclusion of the court wherein he finds as a fact that the appellee by parol agreement promised to let the appellant have the land in controversy. It is claimed that the testimony upon which that finding is based showed, if it showed anything, that the appellant and the appellee entered into an agreement for the joint acquisition of the land, the title to all to be taken in the name of the appellee and he thereafter to deed to the appellant the twenty acres involved in this suit, upon the payment by the appellant of the price at which the land was purchased. The appellant insists that such an agreement created an express trust by which appellee was to acquire the title to the twenty acres for the benefit of the appellant, and that the court also erred in not so concluding as a matter of law. The testimony on the part of the plaintiff in the court below was to the effect that some time about the beginning of the year 1898 Hoffman, the plaintiff below, had been negotiating for the purchase of fifty acres of land, a part of the Haskell survey, and which included the twenty acres in controversy; that the appellee, Buchanan, desired to purchase 195 acres of the Haskell land, including the land in controversy; that he and Hoffman by a parol understanding between themselves agreed that in as much as there were several owners of the land, scattered over different sections of the country, and because of the difficulty and expense attending the execution of deeds, he (Buchanan) should take the deed to the land in his name, and that upon a reception of the conveyance from the owners he should immediately convey twenty acres, the part which is now involved in this suit, to Hoffman upon Hoffman's paying him the same price at which the land was purchased. The testimony further shows that Buchanan received a conveyance from the owners of the land in June of 1898, and that the purchase price paid by him was $4 per acre. The evidence upon which those facts are based consisted of the testimony of Hoffman himself, who was in some material points corroborated by Graves, the agent who had charge of the Haskell land and through whom the purchase was made. Buchanan denied *in toto* any agreement between himself and Hoffman, and claimed that he purchased the land for his sole and exclusive benefit, and that there was no understanding of any description between him and Hoffman that the latter should receive a conveyance to any portion of it, or share in the purchase in any manner. It will thus appear that there was a strong conflict in the testimony of the two parties to the suit. The only evidence upon which the court could have predicated the findings made was that of appellant Hoffman himself, who was in some respects corroborated by Graves. It seems to us that there is much force in the appellant's contention. It it difficult to see how the court could conclude as he did upon the issues of fact if he gave credence to Hoffman's testimony. The same testimony of Hoffman which authorized the conclusion that Buchanan made the parol promise to convey the land to him under the circum-

stances mentioned also showed that this promise was the result of an agreement by which Buchanan and the appellant undertook to acquire the entire 195 acres, with the further understanding that the title was to be taken in the name of Buchanan, and he thereafter, upon the payment of the purchase price, to convey title to Hoffman to the twenty acres involved in this suit. If this testimony be true, it would appear to us that there was much force in the contention of the appellant that it was sufficient to create a direct and express trust in Buchanan for the benefit of Hoffman. Gardner v. Rundell, 70 Texas, 453; Boon v. Chamberlain, 82 Texas, 481; Stafford v. Stafford, 96 Texas, 106. But the error, if any there be, is not sufficient to justify reversing the judgment rendered. Upon a review of the pleadings and evidence, we have reached the conclusion that no judgment other than one refusing the recovery of the land could have been rendered, even had the court concluded that the parol agreement did create a direct and express trust, as contended by counsel for appellant.

As before stated, this is a formal action of trespass to try title, the object of which was to recover the possession of the premises described. A plea of not guilty having been filed by the defendant in the suit, the burden rested upon the appellant, as the plaintiff, to prove either a legal or equitable title sufficient to justify a judgment awarding him the possession sought. No facts having been pleaded upon which equitable relief could be based, none could be given. Mann v. Falcom, 25 Texas, 277; Cavin v. Hill, 83 Texas, 75; Farris v. Bennett, 26 Texas, 572.

Assuming that under the testimony the court should have concluded that the agreement between the parties created a direct and express trust by which Buchanan acquired and held the title for Hoffman, the testimony showed that Buchanan paid for the land with his own means. From this it follows that Hoffman was not entitled to the conveyance sought, except upon a repayment of the purchase price thus advanced. The court found, upon conflicting evidence, that Hoffman never paid or tendered payment of that sum. This conclusion must be regarded as a finding that no offer tantamount to a tender had ever been made by Hoffman. While appellant controverts the correctness of this finding, it is conceded that no payment has in fact ever been made by Hoffman. Admitting the existence of the trust relation insisted upon by counsel, still the appellant is not entitled to recover upon his own showing. In his pleading he nowhere offers to make payment, or avers a willingness or ability to do so. Had he pleaded the facts proved as the title upon which he relied for recovery, he would not have stated a cause of action without also offering to do equity by alleging a willingness and ability to pay the purchase price as a condition of a judgment in his favor. Van Norman v. Wheeler, 13 Texas, 318; Haldeman v. Chambers, 19 Texas, 51; Mitchell v. Sheppard, 13 Texas, 490; Bailey v. Lay, 18 Colo., 405; 33 Pac., 407; Turner v. Ogden, 1 Black (U. S.), 450; 17 Law ed., 203; 20 Ency. Plead. & Prac., 452 to 454; 4 Pomeroy on Equity Jurisprudence, sec. 1407; 6 idem., sec. 809; 9 Cyc., 719; 31 Cyc., 118. A party can not, by changing the form of his action, evade the necessity for pleading and proving a fact essential to his right of recovery. If it was neces-

sary and indispensable for Hoffman to plead an offer to perform his part of the agreement, he is not entitled to a judgment contingent upon such an offer. If we admit that under the circumstances an actual tender of payment before bringing the suit was rendered unnecessary by the conduct of Buchanan, there still does not exist any legal excuse for his failure to offer to do equity at the time he sought a judgment. Courts are not called upon to speculate upon the willingness and ability of parties to perform a condition concurrent or precedent to the relief which they seek.

This is not an action for specific performance of a contract, for no contract and breach have been alleged. Neither can it be termed an action to enforce a trust, for the petition does not state facts which create a trust. The action is purely one at law to recover possession of specific property upon a claim of absolute ownership. It is unlike the cases of Gardner v. Rundell, Boon v. Chamberlin, and Stafford v. Stafford, before referred to and cited in appellant's brief to support the position taken in this appeal. The contract testified to by Hoffman bound Buchanan to acquire the title and to convey it to him (Hoffman) upon the payment of the original purchase price. Buchanan did not undertake, according to the testimony, to deliver the possession of the premises, or to hold possession for any length of time; in fact, according to the testimony of Hoffman, Buchanan had no right upon the premises, at least so long as the agreement remained in force, beyond those of a stranger. If Buchanan were a trustee, his duties were to acquire and convey the title, and not to do or perform anything upon the premises. He had no possessory rights, and his entry and assumption of hostile possession were not essentially a breach of trust, except as an indication of a refusal to make the conveyance, but a naked trespass.

The conclusion of the court that the action is barred by limitation of two, three and four years is assigned as error. The record shows that the three-year estate was not among the defenses pleaded by the appellee. Neither was any attempt made to establish facts necessary to sustain such a plea of limitation. It follows from what we have said that the two and four years statutes have no application. No limitation is available in this case except that which affects the right to recover real estate. Stafford v. Stafford, supra; Rutherford v. Carr, 99 Texas, 101; Craig v. Harless, 33 Texas Civ. App., 257. However, the appellee did plead and rely upon the five years statute of limitation, and the record shows that he made proof of the facts necessary to sustain that plea and make it a bar to the right of the appellant to recover. The cause of action for a specific performance of the contract, or the enforcement of the trust, if any existed, arose when Buchanan acquired the title. It was then that appellant had the right, if it existed at any time, to demand performance. Glasscock v. Nelson, 26 Texas, 150; Boon v. Chamberlain, 82 Texas, 481. But the cause of action which is made by the pleadings in this case arose when Buchanan wrongfully took possession of the premises. The testimony shows, and the court so finds, that this was done at least eight years before the suit was filed, and that the deed under which Buchanan claimed was duly recorded and all taxes paid. These facts would ef-

fectually bar the appellant's right to recover the land. Neyland v. Bendy, 69 Texas, 712.

We think, upon the whole record as presented to us, no other judgment could have been rendered, and for that reason the case should not be reversed, even though the record may disclose the errors complained of. Forst v. Rothe, 66 S. W., 575; Tripis v. Weslow, 18 S. W., 684. The judgment of the District Court is therefore affirmed.

*Affirmed.*