### NUCKOLS et al. v. STANGER et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 30, 1913. Rehearing Denied Feb. 26, 1913.)

1. TRUSTS (§ 371*)—CONSTRUCTIVE TRUSTS—ENFORCEMENT—PETITION.

Where petition by one of the heirs of S. alleged that defendant was appointed administrator of the estate and as such sold certain land belonging to the estate to D., who later conveyed the land to defendant, and that the transfer was a fraudulent scheme to deprive complainant of her interest therein, and that the title was held by D. for defendant's benefit, the petition stated facts sufficient to charge defendant as a constructive trustee of complainant's interest.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 588–599; Dec. Dig. § 371.*]

2. LIMITATION OF ACTIONS (§ 19*)—CONSTRUCTIVE TRUST—LIMITATIONS APPLICABLE.

Where suit was brought to recover land by virtue of an equitable title based on a constructive trust impressed thereon by alleged fraudulent acts of the defendant, only those statutes of limitation affecting actions for the recovery of realty were applicable.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 73–85; Dec. Dig. § 19.*]

3. TRUSTS (§ 361*)—CONSTRUCTIVE TRUST—SALE OF LAND BY ADMINISTRATOR—VACATION OF DEEDS.

D. having recovered judgment against defendant as administrator for a balance of purchase money due on certain land owned by the estate, the court ordered the land sold to pay the indebtedness and the costs of administration. The land was sold by defendant as administrator to D., and subsequently he conveyed the land to defendant individually. *Held,* in a suit by one of the heirs to recover her interest in the land on the ground that such conveyances were fraudulent and made to enable the administrator to get the property in his own right, that it was not necessary to set aside the order of sale and the administrator's deed, in order to impress a trust on the land against defendant.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 556–559; Dec. Dig. § 361.*]

4. TRUSTS (§ 365*)—LACHES.

The doctrine that equity will not enforce a stale demand for which suit has been brought with reasonable diligence is not applicable, where there has been continued recognition and acknowledgment of complainant's right by the defendant, coupled with repeated promises to adjust the same on which complainant relied.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 568–573; Dec. Dig. § 365.*]

Appeal from District Court, Brazoria County; Wells Thompson, Judge.

Suit by F. E. Nuckols and her husband against R. H. Stanger and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded as to defendant R. H. Stanger.

Masterson & Rucks, of Angleton, for appellants. Munson & Munson and Louis J. Wilson, all of Angleton, for appellees.

HIGGINS, J. R. S. Stanger died intestate in the year 1882, leaving as his surviving heirs a brother, R. H. Stanger, and three sisters, Kate, Mary, wife of Edward Delaney, and appellant F. E. Stanger, afterwards Nuckols. Kate died, intestate and unmarried, in 1885. R. H. Stanger was appointed administrator of the estate of R. S. Stanger by the county court of Brazoria county, and in accordance with orders and decrees of that court, and as such administrator, he sold 200 acres of land belonging to the estate of his intestate; the same being conveyed to Edward Delaney by deed dated July 19, 1883. Theretofore, on May 18, 1883, judgment had been rendered in the district court in favor of Delaney and against the administrator for the sum of $762.94, purchase money due on said land, and the county court ordered the same sold for the purpose of paying the indebtedness evidenced by this judgment and costs of administration. By deed dated May 9, 1892, reciting a consideration of $3,000, Delaney conveyed the land to R. H. Stanger, and this suit was filed about the year 1910 by Mrs. Nuckols and her husband against Stanger to recover an undivided one-third interest in the land, which she claimed by inheritance from R. S. and Kate Stanger. In substance it was alleged that the judgment rendered in the district court and the orders made in the county court in relation to the sale of the property were procured by fraud in furtherance of a scheme upon the part of R. H. Stanger to defraud and defeat plaintiff of her interest in the land; that the conveyance thereof to Delaney was for the use and benefit of Stanger, who had at

all times 'been in possession thereof, using and enjoying the same.

It is unnecessary here to state in detail the particulars in which the orders and decrees of the county and district courts were alleged to be fraudulent. Judgment was prayed for the cancellation of said orders and decrees of the probate court and administrator's deed and recovery of a one-third interest in the premises; and in the alternative, if such relief be not granted, that the court decree the premises to be charged in the hands of Stanger with a trust in her favor to the extent of said interest, and for the recovery thereof.

General and special exceptions to the petition having been sustained, and the plaintiffs refusing to amend, the suit was dismissed. Edward Delaney and J. C. McNeil having been parties to the above-mentioned suit in the district court, 'they were therefore made parties to this suit, but the action of the trial court in sustaining said demurrers is conceded to be correct in so far as they affect the attempted effort to set aside the decrees and orders of the probate court in relation to the sale of the land and the ad-ministrator's deed thereunder, and the judgment is therefore affirmed as to said Delaney and McNeil.

[1] But it is contended that the petition was sufficient to affect the lands in the hands of Stanger with a constructive trust in appellant's favor, and this position is well taken. Mr. Perry in his work on Trusts & Trustees (6th Ed. par. 27), defines a constructive trust to be one that arises when a person, clothed with some fiduciary character, by fraud or otherwise, gains some advantage to himself. And here the allegations are sufficient to charge Stanger with having acquired the land while it belonged to an estate, which he was administering, and in fraud of the rights of the appellant as one of the heirs. It is true the land in the first instance was conveyed to Delaney, but it is alleged that the title was held by him for the use and benefit of appellant.

No little difficulty has arisen in our minds in determining the sufficiency of the petition in the particular indicated by reason of the fact that the same was evidently drawn with special reference to the relief desired by way of cancellation of the county court orders and administrator's deed. Had the matter been presented by an entirely separate and distinct count, the question would have been much more clearly presented; but the facts are fully alleged, and, since every reasonable intendment is indulged in favor of a pleading upon attack by general demurrer, the petition is therefore sufficient to charge the land with a constructive trust in plaintiff's favor to the extent of her undivided one-third interest.

It is insisted, however, that judgment of dismissal was properly entered because the petition upon its face discloses that the cause of action was barred by the four and ten years' statutes of limitation, and, further, that it was a stale demand, all of which contentions were properly raised by special exceptions.

[2, 3] Plaintiff's suit was for the recovery of the land by virtue of an equitable title thereto, based upon the constructive trust impressed thereon by reason of alleged fraudulent acts of Stanger, and therefore no other statutes of limitation apply, except those affecting actions for the recovery of realty. In order to impress the property with a trust and recover the same, it was in no wise necessary to set aside the orders of the probate court and administrator's deed. Fisher v. Wood, 65 Tex. 200. In this respect it is entirely different from McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315; the distinction being clearly defined in Craig v. Harless, 33 Tex. Civ. App. 257, 76 S. W. 595, and Bell County v. Felts, 120 S. W. 1065. This last-mentioned case upon writ of error was later reversed by the Supreme Court (132 S. W. 123) but the views expressed by the Court of Civil Appeals upon the question of limitation had no place in the consideration of the case by the Supreme Court.

The following also directly support the view that the four and ten years' statutes are inapplicable: Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815; Smith v. Olivarri, 127 S. W. 235; Watson v. Harris, 130 S. W. 237; Hoffman v. Buchanan, 57 Tex. Civ. App. 368, 123 S. W. 168.

[4] Neither does the doctrine of laches or stale demand apply. It is true, equity refuses its aid to equitable demands when a party has slept upon his rights and acquiesced for a great length of time, and, in order to invoke the aid of the court in the enforcement of such rights, there must be not only good conscience and good faith, but reasonable diligence as well in the assertion and enforcement of such demand. This doctrine is qualified by the rule which excuses delay in invoking the aid of the court so long as there was a continued recognition and acknowledgment of the right, coupled with repeated promises to adjust the same, upon which plaintiff relied. Robertson v. Du Bose, 76 Tex. 1, 13 S. W. 300; Wilson v. Simpson, 80 Tex. 279, 16 S. W. 40; Cole v. Noble, 63 Tex. 432; Hodges v. Johnson, 15 Tex. 570; Southall v. Southall, 6 Tex. Civ. App. 694, 26 S. W. 150; Riggs v. Pope, 3 Tex. Civ. App. 179, 21 S. W. 1013; 16 Cyc. 174. As accounting for the long delay in taking legal action to enforce her rights, it is alleged that at the time of the death of her brother, R. S. Stanger, plaintiff was a young unmarried woman, living with her brother, the defendant R. H. Stanger, she being without father and mother and dependent upon him for advice and guidance, and she reposed full faith and confidence in him; that, upon the death of R. S. Stanger, the

defendant took possession of the entire estate, promising plaintiff that he would care for and safeguard her interest therein, and at a convenient time would turn over to her her entire interest therein; that she reposed full faith and confidence in his promises, and continued to live wtih the defendant until the year 1886, when she married her coplaintiff, M. L. Nuckols; that up until 1891 defendant made repeated promises to turn over to plaintiff her interest in said land at the earliest possible moment, assigning as his reason for not then doing so that the same was heavily incumbered and he was trying to work the same out of debt before making distribution; that plaintiff, becoming weary of said promises, in 1890 filed suit against R. H. Stanger for the recovery of her one-third interest in the land, which suit was pending until June 24, 1892, when the same was dismissed by agreement, plaintiff relying upon the implicit and solemn promises and assurances of Stanger then made that he would clear the said land of all debts and deliver to plaintiff her interest therein without unreasonable delay; that these assurances and promises were repeated and continued, and during the years 1904 and 1905 defendant Stanger offered to surrender to plaintiffs and Edward Delaney, the husband of Mary, all of the land, including his interest therein, if they would take charge of the same and clear it of debt; that defendant, from the date of the dismissal of said suit up until the spring of 1908, had admitted to the plaintiffs and various other persons that plaintiff had an interest in said land, and that as soon as the same was cleared of debt he would turn over and deliver to her her interest therein; that in the spring of 1908 plaintiffs again called upon Stanger to deliver her interest in said property, and he then advised them for the first time that he did not recognize any interest in said property belonging to the plaintiff F. E. Nuckols, and would not deliver any interest therein to her; that this repudiation was the first information that plaintiffs had of any denial on the part of R. H. Stanger of plaintiffs' interest in said property.

We take it that these allegations are clearly sufficient, under the authorities, to excuse the long delay upon the part of plaintiffs in filing this suit. To hold otherwise would be to admit that a right originating in fraud could be rendered impervious to attack by subsequent fraudulent acts, thus supporting one fraud by another.

The sixth, seventh, and eighth assignments are also sustained, as it is manifest from what has heretofore been said that the sustaining of special exceptions 5, 6, and 7 complained of by these assignments, was improper.

Affirmed as to Edward Delaney and J. C. McNeil, and reversed and remanded as to R. H. Stanger.